Argued May 7, affirmed May 22, petition for rehearing denied June 13, 1968

JONES, *Appellant, v.* STATE COMPENSATION DEPARTMENT, *Respondent.*

441 P. 2d 242

*Leeroy O. Ehlers,* Pendleton, argued the cause for appellant. On the briefs were Fabre, Collins & Ehlers, Pendleton.

*James P. Cronan, Jr.,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Wallace Carpenter, Assistant Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

GOODWIN, J.

A workman who suffered an injury resulting in a loss of use of his right arm appeals from an award of permanent partial disability under ORS 656.214(2)(a), contending that by reason of advanced age, lack of education, and limited training he is now substantially unemployable and therefore is entitled to an award of permanent total disability under ORS 656.206(1).[1]

In *Kajundzich v. State Ind. Acc. Com.*, 164 Or 510, 102 P2d 924 (1940), this court recognized that an injury to one part of the body (a foot) could result in a loss of the function of another part of the body (in that case, a leg). At the same time, the court rejected the notion that the peculiar circumstances of the individual claimant could be called upon subjectively to enhance the measure of the loss of function beyond the statutory schedule provided for the particular part or parts of the body affected. Despite the apparently subjective language of ORS 656.206(1), we said that the upper limit of recovery for the loss of the use of an extremity is the award provided in the statutory schedule for the loss of the same limb by separation.

The illustration in *Kajundzich v. State Ind. Acc. Com.* of the equality under the compensation law of the severed fingers of a violinist and of a ditch digger has remained a part of the compensation law of this state during the years that the statutory scheme has been in force. There is nothing in the case at bar to justify a departure from a settled rule.

Affirmed.

---

[1] ORS 656.206(1) "Permanent total disability" means the loss, including preexisting disability, of both feet or hands, or one foot and one hand, total loss of eyesight or such paralysis or other condition permanently incapacitating the workman from regularly performing any work at a gainful and suitable occupation."