Argued November 20, affirmed December 23, 1970

DALTON, *Respondent, v.* CAPE ARAGO LUMBER
COMPANY ET AL, *Appellants.*

478 P2d 433

*Roger R. Warren*, Portland, argued the cause and
filed the brief for appellants.

*Raymond J. Conboy*, Portland, argued the cause for respondent. With him on the brief were Dan O'Leary, and Pozzi, Wilson & Atchison, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

## LANGTRY, J.

This is an appeal from judgment of the circuit court that claimant is permanently and totally disabled from a work-connected injury under ORS 656.206(1).

The Closing and Evaluation Division of the Workmen's Compensation Board had awarded 40% loss of arm by separation for claimant's back injury. The hearing officer awarded total and permanent disability, the Workmen's Compensation Board reinstated the Closing and Evaluation Division's award, and the circuit court reinstated the hearing officer's award. It is now our turn to make a de novo evaluation and judgment on the record.

At the age of 47 years, claimant, who had been a logger for most of his life and had already suffered serious back and arm injuries for which he had received workmen's compensation, incurred a back injury shortly after transferring to pulling on the planer chain in a lumber mill. His immediate work before that had been pulling on the green chain. The planer chain work required faster and different physical activity. The medical upshot was fusion of the lower spine. Afterward, because claimant has a limited education, the Vocational Rehabilitation Division recommended on-the-job training for a new occupation that would come within his capabilities. It noted that the

former arm injury would limit claimant to work involving gross hand movements at best. It also noted that a prognosis of restoration or rehabilitation was highly guarded.

Claimant himself then found a job learning to be a parts man in a motorcycle shop. He liked the work and the evidence convinces that he hoped it would develop into an occupation. However, being on his feet resulted in such back pain and leg disability that he reduced his hours of work and terminated within a few weeks. The physician who had treated his back trouble after each injury, and had been surprised that claimant could pull on the green chain at all after the first injury, determined the claimant to be medically stationary, with a spinal impairment of 12 per cent, sensitive back, and limitation of motion in both legs, with some atrophy in the left leg.

There is no need for a further statement of the facts. We find that claimant's and his witnesses' testimony is such that he is credible when he says he is unable to do any of the work of which he formerly was capable, or which he could learn to do if he did not have the work-connected impairment. Nothing in the record indicates to us that claimant has been anything but cooperative in seeking rehabilitation, or that his motivation is anything but good. The implication to the contrary in the findings of the Workmen's Compensation Board appear to us to find no justification in the record. We think he has made a sincere effort to find or prepare for a suitable and gainful occupation without success. Defendant asked us on oral argument to send the matter back to the hearing officer to have a "survey" of his ability to do some kind of work. The matter of his ability to

do gainful work was thoroughly explored on direct and cross-examination. We see no object in taking further testimony. In any event, the provisions of ORS 656.325(3) and 656.268 are available if there is a change in claimant's condition. See *Pykonen v. S.A.I.F.*, 3 Or App 74, 471 P2d 855 (1970).

The inferences we draw from the record lead us to the same conclusions as the hearing officer who saw and heard the witnesses. The reaction of the circuit judge was the same. See *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971), and *Pykonen v. S.A.I.F.*, supra.

The assignments of error made by defendant all relate to fact findings discussed above. We conclude that the circuit court correctly reinstated the hearing officer's decision.

Affirmed.