Argued August 21, affirmed as modified September 18, 1972

# MANSFIELD, *Appellant, v.* CAPLENER BROTHERS (No. 341-890), *Respondent.*

500 P2d 1221

*John G. Holden,* Portland, argued the cause for appellant. With him on the brief were Wood, Wood, Tatum, Mosser & Brooke, Portland.

*Roger R. Warren,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

## THORNTON, J.

The sole issue in this workmen's compensation appeal is the extent of claimant's permanent disability arising from a compensable injury sustained on August 4, 1966. The circuit court last granted claimant an award of 85 per cent loss of use of his left leg and 10 per cent loss of an arm for unscheduled disability to his back. Claimant appeals from this award, asserting that he is permanently and totally disabled.

The six-year history of this case may be outlined as follows: In 1966, claimant, who had worked as a truck driver for about 23 years, fell from a truck he was loading, injuring his left leg and back. Despite medical treatment his leg condition deteriorated, and in December 1966, some four months after the accident, claimant underwent a knee operation. Following· this operation, while still in the hospital, claimant's knee became infected destroying some ligaments and part of the knee joint.

Claimant contends that now he can neither walk, stand nor sit for any length of time without swelling developing in his leg, and pain in his back and leg.

The original administrative determination in this case granted claimant 50 per cent for the loss of function in his leg plus 10 per cent unscheduled disability for his back. The hearing officer increased this award to 75 per cent for the leg and 10 per cent unscheduled, and the Workmen's Compensation Board affirmed.

The circuit court, in 1969, held three hearings involving this case, causing claimant's referral to the state vocational rehabilitation program, to the Goodwill Industries training program, and, quite briefly, to a machine-operator training course. Although the court found that claimant cooperated in these rehabilitative efforts, none of them succeeded due either to claimant's physical disability or to a lack of aptitude. Finally, then, the court found claimant permanently and totally disabled.

On appeal to this court, remand was ordered, due to error in hearing certain evidence at the circuit court level. *Mansfield v. Caplener Bros.*, 3 Or App 448, 474 P2d 785 (1970).

On the remand, the hearing officer again granted claimant 75 per cent loss of use of his leg, and 10 per cent loss of an arm for unscheduled disability to his back. Again, too, the Workmen's Compensation Board approved this award.

The circuit court, then, although indicating it found claimant to be factually totally disabled, awarded him 85 per cent loss of his leg, and 10 per cent unscheduled disability. Claimant now returns to this court, appealing this last circuit court decision, and seeking permanent total disability.

> "* * * [P]ermanent total disability is defined as any condition which permanently incapacitates a workman from regularly performing any work at a gainful and suitable occupation * * *." *Swanson v. Westport Lumber Co.*, 4 Or App 417, 419, 479 P2d 1005 (1971). ORS 656.206(1).

■ Such total disability is not necessarily equivalent to utter and abject helplessness. *Cooper v. Publishers Paper Co.*, 3 Or App 415, 422, 474 P2d 27

(1970). Rather, the rule is that, " 'An employe that is so injured that he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist, may well be classified as totally disabled.' " 2 Larson's Workmen's Compensation Law, § 57.51, quoted with approval in *Cooper* at 422. This is the definition of the so-called "odd-lot" category.

■ Once an employe, through evidence of physical impairment, plus other factors such as mental capacity, education, training or age, shows himself to be prima facie in this odd-lot category, then the burden of proof is on the employer to demonstrate that some kind of suitable work is regularly available. *Swanson v. Westport Lumber Co.*, supra; *Jenness v. SAIF*, 8 Or App 95, 493 P2d 73 (1972).

Claimant contends that he has placed himself within the odd-lot classification, and that the employer has failed to show the availability of any suitable employment. Claimant asserts that his physical disability from his leg and his back, plus other relevant factors, renders him permanently and totally disabled.

Claimant's education ended at the eighth grade level. He reads at only fourth grade level and is a functional illiterate. Psychological examination shows claimant displaying some neurotic reaction, basically consisting of despair and hopelessness at his current situation.

Several witnesses stated that most probably claimant will never work again. He is only comfortable when his leg is horizontally supported, as when lying on a couch. His personal physician, who performed the knee surgery, expressed no hope for im-

provement in either the leg or back condition. Claimant's education and intellectual resources are quite minimal. All efforts at vocational rehabilitation have failed. Although the hearing officer and the Workmen's Compensation Board implied that claimant is a malingerer, the psychological testimony specifically contradicted this suggestion.

This evidence would seem to place the claimant within the odd-lot category, and certainly the employer has shown no employment available for claimant. However, the employer asserts that in this case such factors as education, training and mental ability, which reflect on claimant's lack of earning capacity, are not relevant since but for the leg injury claimant could work.

■ The employer's position derives from the rule of law in Oregon which limits awards for permanent partial disability to an extremity to the maximum listed in statutory schedules. Factors such as age and training may not be considered so as to elevate an award for damage to an extremity above the scheduled maximum. *Kajundzich v. State Ind. Acc. Com.,* 164 Or 510, 102 P2d 924 (1940); *Jones v. Compensation Department,* 250 Or 177, 441 P2d 242 (1968).

Such factors are, however, relevant to a claim for disability on an unscheduled basis. *Surratt v. Gunderson Bros.,* 259 Or 65, 485 P2d 410 (1971).

> "* * * [L]oss of earning capacity is the proper test in determining claimant's unscheduled back disability, but loss of physical function is the sole criterion for determining any scheduled disability because of loss of use of his legs." *Surratt v. Gunderson Bros.,* supra at 78.

The employer claims that it is the leg injury which prevents claimant from working, and that, thus, his education and mental capacity may not be used to increase the award in this case above the statutory maximum for loss of use of a leg. The employer emphasizes that claimant could obtain no more than this as only his leg was injured, and asserts that the leg is the cause of claimant's unemployment.

This position, however, rests on an incorrect statement of the facts in this case. Claimant's leg is neither the sole, nor even the predominant, cause of his inability to work. As the circuit court stated in its second decision in this case,

"* * * [Claimant] is permanently and totally disabled from doing any work. This permanent and total disability is not the result by itself of the disability in his back, nor is it the result by itself of the disability in his leg. Rather, the combination of all of the physical injuries and his basic mental inadequacies permanently incapacitate Claimant from regularly performing any work at a gainful and suitable occupation."

■ Many persons with claimant's physical disabilities could still work. Claimant cannot because the disabilities are combined with a lack of education and training, and with what the circuit court termed "basic mental inadequacies." These later subjective factors would be relevant to the claimant's unscheduled back disability, and are also relevant to this claim for total, permanent disability. " 'The physician who evaluates *total disability and unscheduled partial disability* must deal exclusively with the patient's handicap in obtaining or holding gainful employment in the broad field of general industrial occupation * * *.' " (Emphasis supplied.) *Surratt v. Gunderson Bros.,* supra, quoting

W. C. Smith, Principles of Disability Evaluation 53 (1959).

■ This approach is consistent with the "impairment of earning capacity" concept of the Workmen's Compensation Law. This concept has been approved by the Oregon Supreme Court in *Surratt*. The rule of the *Jones* and *Kajundzich* cases, which eliminates consideration of subjective factors, other than physical injury, in claims for permanent *partial* scheduled disabilities, is not contradictory. As *Surratt* explains, the permanent partial scheduled rule is not an exception to the general principle of loss of earning capacity as the measure of disability, but rather represents a legislative presumption that loss of earning capacity for a certain extremity may not exceed a stated amount.

To accept the employer's argument, then, would not only distort the prevailing concept of workmen's compensation, the loss of earning capacity test, but would also overemphasize the importance of claimant's knee at the expense of the rest of this workman. Claimant's physician commented that the leg injury had aggravated the back problems, and a psychologist who examined claimant, at the request of the Workmen's Compensation Board, stated that claimant's emotional problems were "materially related" to the accident and physical injuries.

■ Thus, the claimant's inability to work results from a combination of physical disability, scheduled and unscheduled, and subjective factors, such as meager education and minimal learning ability. All of these causes are factually and legally relevant in determining the extent of claimant's disability. See *Trent*

*v. Compensation Department,* 2 Or App 76, 466 P2d 622 (1970).

■ The record clearly places claimant within the scope of the odd-lot classification. The employer has indicated no suitable employment for claimant. Thus, claimant is permanently and totally disabled within the meaning of ORS 656.206(1)(a).

The judgment order of the circuit court is modified to provide that claimant shall be awarded permanent and total disability.

Affirmed as modified.