Argued September 18, affirmed October 19, 1972

AINSWORTH, *Respondent, v.* JOSLYN MANU-
FACTURING AND SUPPLY COMPANY
ET AL (No. 39852), *Appellants.*

501 P2d 1301

*Keith D. Skelton*, Portland, argued the cause and filed the brief for appellants.

*J. David Kryger*, Albany, argued the cause for re-

spondent. With him on the brief were Emmons, Kyle, Kropp & Kryger, Albany.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This is a workmen's compensation appeal. The insurance carrier for the employer appeals from a circuit court determination that claimant is totally and permanently disabled as a result of a back injury. The closing and evaluation section had first allowed 15 per cent disability in 1968, and after attempts to resume his job failed an additional award of 64 degrees (20 per cent) was made in 1970. Claimant requested a hearing, and in January 1971, after hearing, the hearing officer awarded permanent and total disability. The Workmen's Compensation Board reduced this to 50 per cent disability and the circuit court restored the permanent and total disability award.

Claimant, now aged 35, suffered his back injury in February 1968 while straightening yarded power poles on a dry deck, using a peavey. This work was incidental to his job as operator of a crane that was used in yarding poles. After treatment, back surgery and two unsuccessful attempts to resume his job, claimant sought aid from the Workmen's Compensation Board's Physical Rehabilitation Center which found him to have a personality trait disturbance accompanied by a moderately severe psychophysiological reaction. It said his feelings of inadequacy had triggered a schizophrenic type reaction with paranoid tendencies, all traceable to the injury. He demonstrated an IQ of 70 and can read and write his name only, although he

had completed two years of high school. Attempts at schooling him were abandoned when headaches, partial blindness and some kind of head surgery, the nature of which we cannot determine from the record, quickly followed.

The Back Evaluation Clinic reported "* * * [v]ocationally it will be difficult to get this man back to work in anything other than the type of work he had been doing in the past * * *." The physician who released claimant to return to his former employment (who had previously stated that he did not feel claimant could return to the general heavy labor market and "* * * should be vocationally reoriented to a job which does not depend on his back for income * * *") in March 1970 recommended the claim be closed and claimant return to his job as an air-operated crane operator with a limit of 40 pounds on what he should lift, and an opportunity to "get up" and stretch each hour. Claimant's weight had dropped from 185 pounds to 135 pounds. The employer refused to rehire claimant.

The carrier contends claimant should seek and can find work as a crane operator elsewhere, but has not done so; therefore, because of lack of motivation, he should be denied permanent and total disability, although he is entitled to something less.

■ ■ An employe whose injury permanently incapacitates him for a reasonably stable labor market for gainful employment suitable to his qualifications and capacities may be classified as totally disabled. *Swanson v. Westport Lumber Co.,* 4 Or App 417, 479 P2d 1005 (1971); *Cooper v. Publishers Paper,* 3 Or App 415, 474 P2d 27 (1970). We think the evidence places

claimant in the "odd lot" category described in *Swanson.*

We also think the meager evidence in the record on the subject indicates that a crane operator must do substantially greater manual labor than push buttons and pull levers, as the carrier contends. Claimant's injury on that very job occurred while he was doing much more. The record contains no job description for a crane operator; however, in oral argument carrier's counsel asked us to notice the United States Department of Labor's Dictionary of Occupational Titles (which may indicate that jobs listed therein are available). Reference to that publication discloses several listings for operators of various kinds of cranes, describing among requirements a medium amount of physical exertion with a maximum lifting of 50 pounds. Two doctors recommended a maximum lifting limitation of less than 50 pounds for claimant. Mention of claimant's operating an air-operated crane is made in the record, but we find no listing of such an occupation in the publication.

■ The burden is upon the employer to show that some kind of suitable work is regularly and continuously available to an "odd lot" claimant, in order to defeat a finding of permanent and total disability. *Swanson v. Westport Lumber Co.,* supra. *See also Bailey v. Morrison-Knudsen Co.,* 5 Or App 592, 596-97, 485 P2d 1254 (1971); and *Dalton v. Cape Arago Lumber,* 4 Or App 249, 478 P2d 433 (1970). The defendants have not met this burden.

We have considered all of the carrier's contentions, and conclude that the circuit court determination was correct.

Affirmed.