Argued October 24, affirmed December 1, 1972, petition for
rehearing denied January 4, petition for review
denied February 27, 1973

HILL, *Respondent, v.* U. S. PLYWOOD-CHAMPION
COMPANY ET AL (No. 6435), *Appellants.*

503 P2d 728

*Keith D. Skelton,* Portland, argued the cause and filed the brief for appellants.

*Maurice V. Engelgau,* Coquille, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

This is an appeal from a judgment of the Curry County Circuit Court determining that claimant is

permanently and totally disabled from a work-connected injury under ORS 656.206(1)(a).

Claimant is a 49-year-old male with an eighth grade education. His work experience involved logging, operating heavy equipment, fishing and raising cattle. On June 7, 1967, while operating equipment for defendant employer, claimant fell some 12 feet from the top of a water tank, landed on his left leg and twisted his back. He became disabled and has not returned to work for U. S. Plywood. After two attempted back fusions, neither of which solidified, his condition was declared medically stationary in August 1970 and the case was thereafter closed. At that time he complained of low back pain and associated left leg numbness. Marked stiffness of the lumbar region was noted. Decreased sensation of the left calf and foot was noted, as was limitation of straight leg raising on the left. Side-to-side bending was limited to ten degrees. The hearing officer's findings included the following:

"Prior to this industrial injury of June 7, 1967, claimant's work experience included only those jobs involving hard strenuous labor. He was a logger and operated heavy equipment. His health was good and he was quite capable of strenuous physical activity. He was eighth grade educated. Since the injury claimant's ability to engage in hard physical activity has been seriously impaired. He is no longer able to log or to operate heavy equipment. Most activities cause physical problems. Bending is extremely difficult and claimant bends at his hips rather than his lumbar spine (Defendant's Exhibit A-21). He has trouble sitting. Riding or driving in an automobile any further than 50 miles cause[s] pain and discomfort to increase. Sitting causes numbness of the left leg. Lifting as much as 20 pounds is difficult for claimant. Clearly claimant suffers severe permanent disability.

"Claimant is capable of skippering his fishing boat.[1] He is able to go out in this two or three days per week during the salmon and crabbing season. He hires other persons to handle those jobs involving much physical activity. He has been able to stand at the wheel and keep an eye on the ship's instruments. He is able to mount three or four steps to the bridge and to do some minor servicing of the engine. He estimates his activities are only about 30% of those of a full-time fisherman. To all intents and purposes claimant has no saleable skill in this ability to skipper his boat. It is highly unlikely that he could obtain employment from other persons on a different boat. His physical problems prohibit daily fishing, a requirement in such seasonal work. Some days claimant is unable to get out of bed to take his boat out and it would be extremely difficult to work for someone else under these circumstances. Claimant's gross fishing income for 1970 was $9,402.15.[2] This is of very little importance. The important issue is how much physical labor claimant is able to expend to earn this sum.

"Claimant also owns a small herd of cattle. He is able to do some light work associated with his ownership of this herd. Again, the heavier work is done by others and claimant is unable to perform much in the way of physical activity."

The hearing officer concluded that claimant was not permanently and totally disabled because:

"* * * His activities while fishing and operating his cattle holdings, though relatively very minor in the overall picture, have convinced me claimant could regularly perform *some* work at a gainful and suitable occupation." (Emphasis hearing officer's.)

---

[1] Claimant purchased a 38 foot fishing boat in September 1969 to attempt to engage in commercial fishing.

[2] But after deductions for gas and oil, repairs, moorage fees, hired labor and depreciation, his net income was $239.67.

The Workmen's Compensation Board concurred with the hearing officer. The circuit court in its de novo review disagreed with both the hearing officer and the board. The court said in its opinion:

"As the law requires the court reviews the record de novo and, while it gives weight to the Hearing Officer's findings, and particularly as to matters involving the credibility of witnesses, it is not bound by his opinion or conclusions. In this case the Hearing Officer concluded that only permanent partial disability was suffered by Claimant. There is no issue of credibility of witnesses expressed by the Hearing Officer.

"The Court's modification of the Board's Order is based on a finding that Claimant's disability falls within the 'odd-lot' doctrine. See 2 Larson's Workmen's Compensation Law, Sec. 57.51 and the footnote cases therein. 'The essence of the test', says Larson, 'is the probable dependability with which Claimant can sell his services in a competitive labor market, undistorted by such factors as business booms, sympathy of a particular employer or friends, temporary good luck, or the superhuman efforts of the Claimant to rise above his crippling handicaps.' When all the evidence in this record is reviewed, Claimant has shown himself by this test to be prima facie in the odd-lot category.

"Under the odd-lot doctrine, once the evidence has established prima facie that Claimant falls in the odd-lot category, the burden of proof shifts to the employer to show that some kind of suitable work is regularly and continuously available to the Claimant. Again see 2 Larson's Workmen's Compensation Law, Sec. 57.61. The employer in this case has failed to meet that burden. The employer produced no testimony or other evidence relevant to this issue. Instead the employer relies on evidence from Claimant's witnesses that Claimant works his own fishing boat on a part-time basis and runs a few head of beef cattle on rented lands. Regarding

this position, Larson says 'Since what is being tested under the odd-lot doctrine is Claimant's ability to command regular income as the result of his personal labor, it is plain that income from a business owned by the claimant, even though he contributes some work to it, should not be used to reduce disability.'[⑨] In any event, the evidence clearly shows that claimant's business income is minimal, if not miniscule."

We agree with the conclusions of the trial court. *See Ainsworth v. Joslyn Mfg. & Supply,* 11 Or App 154, 501 P2d 1301 (1972); *Mansfield v. Caplener Bros.,* 10 Or App 545, 500 P2d 1221 (1972); *Bailey v. Morrison-Knudsen Co.,* 5 Or App 592, 485 P2d 1254 (1971); *Swanson v. Westport Lumber Co.,* 4 Or App 417, 479 P2d 1005 (1971).

Affirmed.

SCHWAB, C.J., dissenting.

This workmen's compensation case involves only the extent of claimant's disability. It is purely a fact question which we must decide from reading a record. In effect, we sit as a three-man jury.

As we noted in *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 182, 471 P2d 831, 476 P2d 931, Sup Ct *review denied* (1971):

"* * * In many instances the type of claim which results in litigation under the Workmen's Compensation Law, like many claims arising out of automobile and other types of accidents, must be valued by application, not only of law, rules of evidence and logic, but also by application of experience, intuition, philosophy and probably other factors."

---

⑨ 2 Larson, Workmen's Compensation Law § 57.51 (1970).

This is such a case, and my view of it leads me to the conclusion that the claimant here is not totally disabled. I do believe that he is seriously disabled, and would feel more comfortable in my position if the accident had happened after, rather than before, the date of the 1967 amendment which increased the maximum award allowable for unscheduled injuries from 192 degrees to 320 degrees. Nevertheless, I would adopt the opinion of the Workmen's Compensation Board, which was:

## "ORDER ON REVIEW

"\* \* \* \* \*

"The above-entitled matter involves an issue of the extent of permanent disability sustained by a 44 year old equipment operator as the result of a back injury incurred on June 7, 1967. More particularly, the issue is one of whether the claimant, as a result of his accident, is entitled to permanent total disability on the basis that he can no longer work regularly at a gainful and suitable occupation.

"The accident occurred shortly before the effective date of the 1967 amendment which increased the maximum award allowable for unscheduled injuries from 192 to 320° and removed the requirement that unscheduled disabilities be evaluated by comparing the effects of the injury to any of the scheduled injuries.

"Pursuant to ORS 656.268, the disability was determined to be 106°. Following hearing the award was increased to the maximum of 192°.

"The claimant is presently self-employed having purchased a fishing boat and running a herd of cattle. The claimant contends that prospective returns from capital investments do not represent earning capacity, and at the same time contends that a financial loss from such activity is proof of lack of earning capacity. Both activities have involved the personal physical activities of the claim-

ant. The evidence reflects that he is capable of performing the work. The fact that fishing may be seasonal does not invoke the factor of lack of regularity of work. All fishermen would qualify for permanent total on this basis. The fact that he skippers the boat but does not haul in crab nets still bespeaks of capabilities inconsistent with a claim of permanent total.

"The Board concurs with the claimant that medical evidence is not required to support a claim of permanent total disability. The Board concurs with the Hearing Officer, however, that the totality of the evidence does not reflect total disability for purposes of compensation.

"* * * * * *"

For the foregoing reasons I respectfully dissent.