Argued April 24, affirmed May 14, 1973

CRIPPEN, *Appellant, v.* GEORGIA-PACIFIC
CORPORATION, *Respondent.*

509 P2d 1218

*Raymond J. Conboy,* Portland, argued the cause for appellant. On the briefs were Pozzi, Wilson & Atchison and Dan O'Leary, Portland.

*Jack Mattison,* Eugene, argued the cause for respondent. With him on the brief were Jaqua & Wheatley, Eugene.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

In this case the claimant seeks an award for permanent total disability. The hearing officer, the Workmen's Compensation Board and the circuit court each awarded him 117.2 degrees loss by separation of an arm for unscheduled back disability. He appeals, basing his contention on the ground that under the odd-lot doctrine[1] the award should be for permanent total disability. He relies on *Swanson v. Westport Lumber Co.,* 4 Or App 417, 479 P2d 1005 (1971); *Hill v. US Plywood-Champion,* 12 Or App 1, 503 P2d 728 (1972), Sup Ct *review denied* (1973).

Claimant injured his back in 1966. No surgery was required. After approximately three months off work he returned to work at the same job. He continued to work for approximately two and one-half years. At that time, due to a cutback in the work force, he was "bumped" from his job under union seniority rules. He was assigned to work on the green chain, which was the position he was entitled to under union seniority rules. He refused to do that work, contending his back condition would not allow him to

[1] See Deaton v. SAIF, 13 Or App 298, 509 P2d 1215 (1973) for an analysis of this doctrine.

perform such hard physical labor. He thereupon terminated his employment with defendant. He has not since been employed and contends that none is available which, because of his back, he can perform. He applied for and received unemployment compensation benefits, representing himself as able and willing to work.

The medical evidence established that claimant "is capable of doing light to medium light work, probably without appreciable symptoms. He should avoid heavy manual work * * *."

Testing revealed he has a "full scale" I.Q. of 107 and functions intellectually at an average to bright normal level. He scored well in comprehension and aptitude testing and had the equivalent of a high school education, having obtained his G.E.D. after terminating with defendant.

We conclude this case is similar to *Surratt v. Gunderson Bros.*, 259 Or 65, 485 P2d 410 (1971). In our decision in *Ferguson v. Wohl Shoe Co.*, 11 Or App 407, 409-10, 502 P2d 1392, Sup Ct *review denied* (1972), we summarized Surratt's condition:

"Surratt, at age 36, underwent a low back fusion necessitated by a back injury. 'The operation was only partially successful, leaving him with a pseudarthrosis, a false joint produced by an imperfect fusion of the vertebrae * * *.' 259 Or at 67. Surratt remained unemployed for the period of 2½ years which intervened between his surgery and his hearing. The court noted about Surratt:

"'* * * The medical testimony is unanimous to the effect that he can no longer do strenuous manual labor. This is the only kind of employment he has ever had. At the time of his injury, he was 36 years old. He has an 89

intelligence quotient. His arithmetical ability is that of a third grader, and his reading ability is of sixth-grade level. He has no training or skills. He was given various tests to determine whether he was trainable in the assembly of small equipment or in the packaging of goods, neither of which required the use of substantial strength. His scores were poor, as he lacked swiftness, discernment, and the ability to follow printed plans or instructions.' 259 Or at 80."

The Supreme Court there determined that 115 degrees was a proper award for permanent partial disability.

Affirmed.