Argued December 20, 1973, affirmed February 19, petition
for review denied May 29, 1974

## GUTIERREZ, *Appellant, v.* REDMAN INDUSTRIES, *Respondent.*

518 P2d 1336

*Willard E. Fox,* Salem, argued the cause for appel-
lant. With him on the brief were Allen, Stortz & Bar-
low, Salem.

*Andrew F. Fink,* Portland, argued the cause for respondent. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before SCHWAB, Chief Judge, and FORT and TANZER, Judges.

SCHWAB, C. J.

This workmen's compensation appeal involves the extent of claimant's permanent disability resulting from a compensable injury received July 31, 1971. On March 21, 1972, the Closing and Evaluation Division of the Workmen's Compensation Board entered a determination order awarding claimant 32 degrees of permanent partial disability for unscheduled low back difficulties. Thereafter claimant filed a request for a hearing.

■ The hearing officer found claimant was permanently and totally disabled. On review the Workmen's Compensation Board set aside the hearing officer's order and granted claimant 160 degrees of a maximum 320 degrees for unscheduled disability. The Board's order was affirmed by the circuit court. As did the circuit court, we agree with the Workmen's Compensation Board's determination that claimant has not demonstrated by a preponderance of the evidence that he is presently totally disabled and also agree that an award of 160 degrees for permanent partial disability is proper. The Board's order, with which we concur, reads in pertinent part:

"This 37 year old workman suffered a compensable back injury on July 31, 1971, while employed by a mobile home construction plant. His claim was closed March 31, 1972 with an award of 32° unscheduled disability for low back injuries. Upon

·hearing, a Hearing Officer found him to be permanently· and totally disabled.

"Dr. Chester, the initial treating physician, felt claimant had a moderate to moderately severe impairment and he referred claimant to the Physical Rehabilitation Center facility of the Workmen's Compensation Board. At the Center, Dr. Van Osdel diagnosed a chronic strain and aggravation of pre-existing disc disease. The Back Evaluation Clinic considered the loss ·of function of the back to be mild and felt claimant could return to work. *After his injury, claimant did in fact return to a similar job for five weeks working intermittently and finally leaving when the employer's business failed.*

"In spite of the claimant's limited education and the language barrier, the Board believes he is not . so deficient in these areas that with adequate rehabilitation he cannot be refitted to function in some type of employment. The order of the Hearing Officer failed to take into account the rehabilitative services available to this claimant. With proper rehabilitation claimant's permanent loss of earning capacity should not exceed 160° of a maximum of 320°.

"The Board is anxious to assist this not-yet 40 year old workman in recovering his motivation to seek gainful employment and to again become a useful member of the labor market. The Board is desirous that all avenues of rehabilitation be opened to this claimant.

"The Disability Prevention Division, Portland, is directed to contact this workman and arrange for counseling, possible enrollment in job training and provide other assistance as necessary." (Emphasis supplied.)

■ We recognize, as did the Board, that claimant is suffering from an aggravation of a preexisting condition which may worsen rather than improve or· stabilize. If claimant's condition does deteriorate in

the future, under the provisions of ORS 656.271 and 656.278, reevaluation of his disability is not foreclosed.

Affirmed.

TANZER, J., dissenting.

I must respectfully dissent from the findings of the majority. I believe the hearing officer, relying upon *Swanson v. Westport Lumber Co.*, 4 Or App 417, 479 P2d 1005 (1971), correctly concluded that claimant was permanently and totally disabled under the "odd-lot" doctrine. The Board reversed the hearing officer on the ground that he "failed to take into account the rehabilitative services available to this claimant." The hearing officer did consider rehabilitation and I believe the Board and the majority to have erred in that regard.

The odd-lot doctrine permits a finding of total disability in a situation where a claimant is not altogether incapacitated, but is nevertheless so handicapped that he is not able to obtain regular employment in any well-known branch of the labor market. *Deaton v. SAIF*, 13 Or App 298, 509 P2d 1215 (1973); 2 Larson, Workmen's Compensation Law § 57.51. Relevant to a determination of whether claimant herein falls within the odd-lot category are the extent of claimant's physical impairment and, if that impairment itself does not clearly establish total inability to be gainfully employed, a consideration of claimant's mental and educational resources, special skills, and similar factors. *Deaton v. SAIF*, supra.

Turning first to the degree of claimant's physical impairment, the record shows that claimant, then aged 37, injured his back when he jumped to the ground from a trailer on which he was installing flooring. The medical evidence is in agreement as to the diagnosis,

but differs as to extent and permanence of impairment. The injury was diagnosed as a lumbar strain coupled with an aggravation of a pre-existing degenerative disc disease.

Dr. Edwin G. Robinson, who examined claimant at the request of the employer's insurance carrier, reported that there was no doubt in his mind that claimant was having pain of a mild nature because he was not using his back, and that it was too early to expect claimant to do heavy manual work or any job which required constant stooping and bending. However, he stated that claimant was capable of doing light to medium manual work at that time and predicted that, in time, his complaint would subside.

Dr. John B. Chester, Jr., the treating orthopedic surgeon, reported that claimant had "considerable low back discomfort of a relatively incapacitating nature when he attempts to do heavy work." After discussing in detail claimant's limitation of motion, Dr. Chester concluded that claimant had "a moderate to moderately severe permanent impairment of function" due to his injury and recommended that claimant receive vocational training for a job which did not require either prolonged standing in one position or repetitious heavy lifting or bending.

The Medical Examiner for the Physical Rehabilitation Center of the Workmen's Compensation Board, Dr. Lewis A. Van Osdel, referred claimant to the Psychology Center for testing and recommended that the Division of Vocational Rehabilitation attempt to find claimant a job which would require no heavy lifting or repetitive bending or stooping. In so doing, Dr. Van Osdel commented:

"* * * The patient is *not* a complainer and it is

felt that he has definite pathology and cannot be expected to return to heavy lifting or repetitive bending without recurrent back trouble." (original emphasis)

Dr. Van Osdel subsequently observed claimant in the Physical Therapy Department of the Physical Rehabilitation Center on February 16, 1972, and his summary of his observations shows that claimant experienced low back pain and general discomfort while performing various tasks. Dr. Van Osdel particularly noted that claimant moved "guardedly" and avoided sudden motions and any prolonged bending or twisting motions. He, like Dr. Chester, characterized the condition as chronic.

The physicians who examined claimant for the Back Evaluation Clinic of the Physical Rehabilitation Center on February 24, 1972 were of the opinion that the loss of function due to the injury was "mild," and that claimant should be able to return to his former occupation. This conclusion was disputed by Dr. Chester who saw claimant for a second time after claimant had been evaluated by the Back Evaluation Clinic. Dr. Chester considered claimant's level of impairment at that time "moderate and permanent."

Finally, claimant was examined by Dr. Richard F. Berg, who was of the opinion that claimant might have difficulty in the future if he were to attempt to do any heavy lifting or bending:

"* * * He is in my opinion of course, restricted from the heavy lifting on the basis of the degenerative disc disease in his lower back and this situation does not as a rule tend to clear up or improve with treatment. * * *"

Claimant himself testified that because of the

pain in his back, standing and sitting for even a short period of time is extremely uncomfortable. In addition, the pain interferes with his normal living activities. He is unable to sleep through the night without interruption, to maintain his home and yard, or to engage in physical contact with his family as he had in the past. Although he does his prescribed exercises regularly, the pain that accompanies or inhibits such activities does not abate. This testimony was corroborated by members of claimant's family, whom the hearing officer found to be credible witnesses. The testimony of the family, together with the reports of his treating physician and the Physical Therapy Department, confirm claimant's testimony that he is unable to do heavy or repetitive physical labor due to back pain.

The hearing officer concluded that "the weight of credible lay and expert opinion testimony describes a workman who is unable to perform heavy duty labor." I agree with that conclusion. The record discloses that claimant's work history has been limited to manual labor. The bulk of his employment has been as a migrant farm laborer, and he has also worked in canneries and several trailer construction companies. All of these jobs have required a considerable amount of heavy lifting and bending. Thus the record is clear that, at least for the foreseeable future, claimant is incapable of doing the only type of work he has ever done.

Having determined that claimant is presently incapable of physical labor involving heavy lifting and bending, claimant's other strengths and weaknesses must be considered to determine his adaptability to other types of employment, *Deaton v. SAIF,* supra, and, thus, his potential for successful rehabilitation.

Claimant attended seven years of school in Mexico. The last year of this schooling consisted of the first year of an uncompleted three-year course in furniture finishing. There is no showing in the record that claimant retains any skills from that exposure to vocational training over 20 years ago.

Dr. Hickman, clinical psychologist and director of the Psychology Center, conducted a psychological evaluation of claimant from February 2 through February 11, 1972. Dr. Hickman noted that while claimant can engage in simple conversation in English, his only real working language is Spanish, and he lacks the ability to reason in English. Claimant knew that the Valley Migrant League offered instruction in English, but he did not take advantage of this because of the discomfort which he experiences following a continuous period of sitting. Claimant's full scale I.Q. score was found to be in the lower dull normal range. Dr. Hickman summarized claimant's intellectual resources as follows:

"* * * The patient is certainly functionally illiterate in the English language, but for all practical purposes, should be considered totally illiterate as the patient's skills are very rudimentary."

Claimant's manual dexterity was also found to be limited. He was described as "not remarkably fast," in the manipulation of large tools, but he ranked in the lower 25% in the ability to manipulate small tools. In sum, Dr. Hickman found the prognosis for successful restoration and rehabilitation of claimant to be "very poor," and the hearing officer, rather than failing to take account of that fact, made particular note of it.

Claimant's motivation to improve his situation

is questioned by the employer. Motivation is a relevant consideration only when the combination of a claimant's physical impairment and his inability to adapt to alternative employment do not place him in the odd-lot category by themselves. *Deaton v. SAIF,* 13 Or App 298, 509 P2d 1215 (1973). However, assuming that evidence of motivation would be relevant in this case, the record indicates that claimant has always been eager to work to support his family. Although his jobs have been varied and impermanent and his income low, claimant has sought work sufficiently in the past that he has only resorted to welfare for two months since the birth of his first child ten years ago. Even after the accident, claimant attempted to work at two different jobs, building trailers and picking nuts. As to the first, building trailers, economic difficulties forced the employer to lay claimant off, but claimant testified that even though he only worked part-time because of a parts shortage, his back bothered him. At another job, picking nuts, claimant worked only about three days for three hours each day before he was advised by a physician to discontinue that type of work. In addition to actually holding these two jobs, claimant has applied for employment with several companies.

Dr. Hickman suggested the possibility that claimant lacked motivation to return to work because the level of compensation he was receiving compared favorably with what he had earned in the past. However, such a suggestion is not consistent with claimant's history of independence and eagerness to work.

The only evidence in the record that claimant's motivation might be less than commendable involves his failure to take advantage of the instruction in English offered by the Valley Migrant League. As to

that issue, however, the hearing officer specifically stated that he believed that claimant's pain prevented him from sitting through classes. Where the resolution of an issue turns on the credibility of witnesses, the opinion of the hearing officer is given considerable deference. *Jenness v. SAIF*, 8 Or App 95, 493 P2d 73 (1972); *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), *rev den* (1971).

In setting aside the hearing officer's award of permanent and total disability, the Board, and the majority by adoption, referred generally to the availability of rehabilitative services. However, neither the Board nor the employer has specified what available rehabilitative services are appropriate for a claimant with easily stimulated debilitating back pain, limited dexterity, and severe language limitations. The prognosis for rehabilitation is very dim and wishing that it were otherwise does not make it so.

The Workmen's Compensation Board also appears to have based its setting aside of the hearing officer's order in part on the fact that claimant was not yet 40 years old. Age is a factor to be considered when assessing a claimant's potential for retraining, *Swanson v. Westport Lumber Co.*, 4 Or App 417, 479 P2d 1005 (1971), but it would rarely, if ever, be determinative in itself. This is demonstrated by a comparison of the fact situations in cases where permanent and total disability has been found[1] with cases where it has not been found.[2] In my view, a pension for a man who

---

[1] *See*, e.g., *Ainsworth v. Joslyn Mfg. & Supply*, 11 Or App 154, 501 P2d 1301 (1972) (age 35); *Jenness v. SAIF*, 8 Or App 95, 493 P2d 73 (1972) (age 47); and *Dalton v. Cape Arago Lumber*, 4 Or App 249, 478 P2d 433 (1970) (age 47).

[2] *See*, e.g., *Newlin v. SAIF*, 15 Or App 378, 515 P2d 1360 (1973) (age 61); *Maumary v. Mayfair Markets*, 14 Or App 180, 512 P2d

is not yet old is no blessing for him. The social effect is to compound the debilitation and it is to be avoided if there is any significant possibility that the claimant can return to regular employment. There appears to be no such possibility here. The Board's saying that defendant should be rehabilitated does not make him rehabilitatable. If the claimant's situation does change, the award of permanent and total disability is subject to modification pursuant to ORS 656.325 (3) and 656.268.

Claimant's back is all he had to offer to an employer. His inability to perform heavy manual labor, the only type of work he has ever done, coupled with his limited education, training, experience, intelligence, aptitudes, language skill and manual dexterity, places him prima facie in the odd-lot category. *Compare Jenness v. SAIF*, supra; *Mansfield v. Caplener Bros.*, 10 Or App 545, 500 P2d 1221 (1972) ; *Ainsworth v. Joslyn Mfg. & Supply*, 11 Or App 154, 501 P2d 1301 (1972). That being so, it was incumbent on the employer to show that some kind of suitable work is regularly and continuously available to the claimant. *Swanson v. Westport Lumber Co.*, supra. The record is devoid of any such evidence.

I believe that the judgment of the circuit court should be reversed and the cause remanded to the Workmen's Compensation Board for entry of an order awarding claimant permanent and total disability.

1370 (1973) (age 47); *Deaton v. SAIF,* 13 Or App 298, 509 P2d 1215 (1973) (age 53).