Argued May 21, affirmed June 28, reconsideration denied
August 21, petition for review denied September 24, 1974

KIRKENDALL, *Appellant, v.* STAMPER'S
J & J TIRE COMPANY, *Respondent.*

523 P2d 1052

*Sydney L. Chandler,* Coos Bay, argued the cause for appellant. With him on the brief were Walsh, Chandler, Walberg & Whitty, Coos Bay.

*George T. Gant,* Coos Bay, argued the cause for respondent. With him on the brief were McNutt, Gant, Ormsbee & Gardner, Coos Bay.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

## THORNTON, J.

The issue in this workmen's compensation appeal is the extent of claimant's permanent disability arising from an industrial injury sustained in 1966.

In October 1966, while employed as operator of a front end rack by Stamper's J & J Tire Company, claimant fell and sustained a compression fracture of his L1 lumbar vertebra. At the time of this injury claimant was 58 years of age. He was hospitalized for 14 days and, following a period of conservative treatment and recuperation, returned to perform light work in February 1967. He was released for full-time work about a month later. However, the evidence was that he did not or could not adequately perform his work,

and was discharged by his employer in December 1968, which was some 17 months after he had returned to work.

Claimant testified that where he had been servicing about eight or nine automobiles a day, he could now only turn out about four. During this employment period he also lost time from work due to the work strain and extreme pain in his back. Claimant continued to seek medical help from Dr. Holbert, who informed him that a fusion was necessary in order to correct his back, but that he could not perform same unless claimant first obtained approval from Dr. Cottel, who was treating claimant for his pre-existing cerebrovascular condition. Dr. Cottel would not approve such surgery because in his opinion this surgery might precipitate a full-blown cerebrovascular accident or stroke. Since surgery was not approved, Dr. Holbert prescribed a support with shoulder strap in order to give claimant some relief. The situation did not improve. Claimant also sought relief from chiropractors for about a year and a half, receiving only temporary relief from the pain and discomfort.

Claimant has not been employed since his termination in December 1968, and was drawing unemployment benefits until May 1969. He testified that his condition has gradually worsened; that he has not sought employment since he is well known in his community and prospective employers are aware of his condition and need an employe who can perform productively; that he has a keen ear for sounding out many mechanical problems by listening to a motor, but there is no employment for this ability; that he is willing to work if the disabling back condition could be relieved; that he would even consider operating his own

shop, as he has done in the past, if his physical condition permitted; that any amount of exertion incapacitates him for days; that he is able to make minor repairs to his home and two rentals, do minimal painting and little odd jobs which do not require bending and twisting; that he can no longer mow the lawn or work in the yard; that bending and twisting aggravate his back; and that he usually drives the car to go anywhere, though he can walk short distances.

Claimant dropped out of school when he was in the sixth grade and this lack of formal education has limited him in the field of vocational training and teaching. When previously employed he had participated in some automotive studies and received awards for his achievements, but his limited education handicapped him in understanding and answering written examinations and questionnaires, and in instructing others. He had experience as an automobile mechanic for many years, and he had acquired his skills and knowledge by performance and his own aptitude in a field he enjoyed, and in which he was proficient and in demand.

The original administrative determination in this case granted claimant permanent partial disability equal to 25 per cent loss of an arm or 48 degrees of a maximum of 192 degrees. The hearing officer increased this award to permanent partial disability equal to 144 degrees. The employer appealed and the Workmen's Compensation Board remanded the case for a second hearing in order to secure additional medical evidence. Following this the hearing officer increased the award to permanent total disability.

The employer again appealed to the Board. The Board thereupon reversed the award of permanent

total disability and reinstated the former award of permanent partial disability equal to 144 degrees. The circuit court affirmed the Board.

The Board took the view that claimant lacked motivation to work and had failed to prove that he has actively sought employment and been rejected.

At the time of the second hearing claimant was 65 years of age and was receiving social security benefits. He continues taking medication for his cerebrovascular condition. According to the record claimant is 5'6" in height and weighs approximately 228 pounds.

■ Permanent total disability is any condition which permanently incapacitates a workman from regularly performing any work at a gainful and suitable occupation. *Swanson v. Westport Lumber Co.,* 4 Or App 417, 479 P2d 1005 (1971).

In *Cooper v. Publishers Paper Co.,* 3 Or App 415, 474 P2d 27 (1970), this court adopted the so-called "odd lot" rule which permits a finding of total disability in a situation where the claimant is less than a 'basket case'—where he is not altogether incapacitated for any kind of work, but still is so handicapped that he will not be able to obtain and hold regular employment in the normal labor market. *See,* 2 Larson, Workmen's Compensation Law 82, § 57.51 (1970).

■■ An employe may establish that he is within the odd-lot category through evidence of physical impairment, combined with other factors such as mental capacity, education, training or age. Once the employe has established prima facie that he is within this odd-lot category, the burden of proof is then on the employer to demonstrate that some kind of suitable work

is regularly available to claimant. *Swanson v. Westport Lumber Co.,* supra.

■ *Deaton v. SAIF,* 13 Or App 298, 509 P2d 1215 (1973), was the first case subsequent to *Swanson,* where this court had occasion to consider if the element of motivation to work should be considered in determining whether an injured workman has brought himself within the odd-lot category. In *Deaton* we said that proof of motivation to work is not necessary to establish a prima facie case of odd-lot status if the medical facts, when considered in conjunction with the factors of age, education and mental capacity, support the claimed inability to work. However, we held that evidence of motivation to work is necessary to establish a prima facie case of odd-lot status when the injuries are not sufficiently severe that, regardless of motivation, the trier of fact can say that claimant is not likely to be able to work. In either case the burden of proving odd-lot status rests upon claimant.

■■ Applying the above rules to the case at bar, we conclude from all the evidence that the claimant's injury was not such that we can disregard the element of motivation and say that claimant is not likely to be able to work. *Cf., Mansfield v. Caplener Bros.,* 10 Or App 545, 500 P2d 1221 (1972). Therefore, in order for claimant to establish a prima facie case of odd-lot status, it was necessary for him to offer evidence that he was actively seeking work. *Deaton v. SAIF,* supra.

It appears from the evidence that although defendant has some remaining physical capacity, and has been self-employed as a mechanic in the past, he has not applied for any work at any shops since he was terminated at his last employer, nor has he at-

tempted any self-employment as a mechanic. Therefore we agree with the conclusion of the Board and the circuit court that claimant, by failing to seek work, has failed to sustain the evidentiary burden necessary to bring himself within the odd-lot category.

Affirmed.