Argued July 16, affirmed August 26, reconsideration denied
October 2, petition for review denied November 1, 1974

# VICARS, *Respondent*, *v.* STATE ACCIDENT
# INSURANCE FUND, *Appellant*.

**525 P2d 1059**

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Jerome B. Buckley, Jr.,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

The issue in this workmen's compensation appeal is whether claimant proved an aggravation of his previous industrial injury and is now permanently and totally disabled.

State Accident Insurance Fund (SAIF) appeals from a judgment order of the circuit court which affirmed an order of the Workmen's Compensation Board awarding claimant permanent total disability. A brief summary of the chronology of the claim is necessary for a proper understanding of the issue.

On June 23, 1966, while employed as a truck driver for Albina Fuel Company, Portland, claimant fell from the top of a chip truck, landing on his back.

Claimant sustained fractures of the left transverse processes of the L2, L3 and L4. In March 1967 laminectomies were performed at the L3, L4 and L5, together with exploratory surgery for suspected root compression. A spinal fusion was also performed from L4 to the sacrum.

After lengthy administrative proceedings and an appeal to the circuit court, the circuit court ordered that claimant receive a permanent partial disability award of 85 per cent loss of an arm for unscheduled permanent partial disability, and 20 per cent loss of function of the left leg.

In 1972 claimant filed the instant aggravation claim. Again the matter was appealed to the circuit court, which upheld claimant's claim of aggravation and remanded the case to the hearing officer to determine the extent of disability. The hearing officer found that claimant was not entitled to an award of permanent total disability and reinstated the previous award.

On October 23, 1973, the Board reversed the hearing officer and granted claimant an award of permanent total disability. SAIF then appealed this order to the circuit court.

On April 9, 1974, the circuit court affirmed the decision of the Board. SAIF now appeals from this order, contending that the circuit court erred in awarding claimant permanent total disability.

At the time of the last hearing on this aggravation in 1973, claimant was 55 years of age. He had a seventh grade education. His major occupation for 30 years has been that of a truck driver. He has had no other job or vocational training.

The thrust of SAIF's argument for reversal is that claimant did not show any increase in his disability; that the disability involved is unscheduled, and therefore should be evaluated in terms of earning capacity rather than extent of physical impairment; and that where compensation is thus based on industrial rather than functional disability, the claimant in an aggravation claim must prove a change in the amount by which his earning capacity has been reduced and that claimant failed to prove this.

■ We cannot agree with SAIF that the evidence failed to establish that claimant sustained an increase in his disability. During the course of claimant's medical and surgical treatment he was treated by Dr. John F. Abele. He returned to Dr. Abele for examination in January 1972 and December 1972. Dr. Abele's reports following these examinations furnished an adequate medical basis for claimant's claim of aggravation. In addition, the record contains claimant's own testimony concerning his increased leg and hip numbness, lumbar pain, extreme dizziness, reduced ability to lift, inability to walk any distances or stand for extended periods and his need for frequent hot baths throughout the day to relieve the pain. The deterioration of claimant's back and legs was verified by physical tests and x-rays. The report stated that claimant's lumbar movement "* * * is considerably reduced from my examination of October 2, 1968." Dr. Abele's report related this to the original industrial injury and noted that "* * * his degenerative changes are more extensive than one would find with average ageing * * *."

■■ As in *Mansfield v. Caplener Bros.*, 10 Or App 545, 500 P2d 1221 (1972), claimant's initial award

was for both scheduled and unscheduled disabilities. We held in *Caplener* that while subjective factors other than physical injury are not to be considered in claims for permanent partial scheduled disabilities, factors such as age and training were all relevant to a claim for disability on an unscheduled basis.

■ Permanent total disability is any condition which permanently incapacitates a workman from regularly performing any work at a gainful and suitable occupation. *Swanson v. Westport Lumber Co.,* 4 Or App 417, 479 P2d 1005 (1971).

■ We conclude the Workmen's Compensation Board and the circuit court correctly decided that claimant is now permanently and totally disabled within the meaning of the Workmen's Compensation Law. We agree that the evidence establishes that claimant's condition, as a result of first, the industrial injury, and second, the aggravation thereof, is so disabling that claimant is not able to work, and therefore we can properly disregard the element of motivation. *Mansfield v. Caplener Bros.,* supra. *Cf., Kirkendall v. Stamper's J & J Tire,* 18 Or App 56, 523 P2d 1052 (1974).

Affirmed.