Argued May 19, affirmed as modified June 16, 1975

RAFFERTY, *Appellant, v.*
STATE ACCIDENT INSURANCE FUND
(No. 85531), *Respondent.*
536 P2d 540

*F. P. Stager,* Salem, argued the cause and filed the brief for appellant.

*Janet Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

LANGTRY, J.

Claimant appeals from a circuit court determination that he has a 60 percent loss of use of each leg, stemming from a compensation-covered injury in 1971. He claims that under the odd-lot theory and ORS 656.206(1)[1] he is entitled to an award for permanent total disability. The hearing officer had awarded him permanent total disability, and the Workmen's Compensation Board had awarded him 50 percent loss of use of each leg.

His claim for odd-lot total disability necessarily depends upon his assertions in brief that his leg injuries combined with sight impairment, back injuries, etc., make him unemployable. The record contains no evidence of the impairments additional to the leg injuries.

In July 1973 Dr. Ellison, treating physician, wrote: "Raymond Rafferty comes back today. He con-

---

[1] ORS 656.206(1) provides:

"(1) As used in this section:

"(a) 'Permanent total disability' means the loss, including preexisting disability, of both feet or hands, or one foot and one hand, total loss of eyesight or such paralysis or other condition permanently incapacitating the workman from regularly performing any work at a gainful and suitable occupation.

"(b) 'Wages' means wages as determined under ORS 656.210."

tinues to have *intermittent* difficulty although he is exercising.

"EXAMINATION: Examination today of the *left knee* does reveal some significant suprapatellar synovitis but *a full range of motion,* negative Mc-Murray's tests, *and normal ligamentous integrity. There is no swelling in the right knee and once again a full range of motion is present without evidence of ligamentous injury, weakness, or cartilage damage.* The patient does have bilateral patellofemoral grating and pain with elevation against resistance, more marked in the left knee.

"IMPRESSION: I think he is at a medically stationary phase, and that his case can be closed.

"COMMENT: *Radiographic studies have failed to demonstrate evidence of cartilaginous damage* and I think that some degenerative change is present particularly in the patellofemoral areas bilaterally which is permanent in nature. The patient will have permanent activity retrictions [sic] which will preclude working or walking up and down inclines or stairs, frequent squatting, or prolonged time on his feet." (Emphasis supplied.)

Claimant had sought aid from the Vocational Rehabilitation Division. Mr. Beers, counselor, on October 15, 1973, wrote:

"* * * * *

"In my opinion and with the medical information at hand, it appears to me that your combined physical impairments constitute a condition of non-competetive [sic] employment. Regardless of my attempts to fit your particular requirements into a specific occupation, I still am unable to find one which is competetive [sic] and would provide you with an income even equivalent to a Welfare standard of living * * *.

"* * * * *"

■ Claimant testified that he is able to walk normally

on even ground, that in one of his former occupations of trenching he can still do some minor ditch digging, and that he recently helped in the moving of his household from one house to another, but that his physical ability is so limited that he has been unable to find employment he can do. He is 43 years of age and has a grade school education.

"* * * [T]he upper limit of recovery for the loss of the use of an extremity is the award provided in the statutory schedule * * *." *Jones v. Compensation Department*, 250 Or 177, 178, 441 P2d 242 (1968); *Kajundzich v. State Ind. Acc. Com.*, 164 Or 510, 102 P2d 924 (1940).

We have repeatedly said that if this stricture is to be changed it must be by legislative not judicial determination.

■ ORS 656.206(1)(a) provides for permanent total disability only if there is loss "of both feet * * * permanently incapacitating the workman from regularly performing any work at a gainful and suitable occupation." The evidence in this case does not support the claim made, although the statements quoted above from Dr. Ellison and Counselor Beers speak of his condition as precluding work and competing for a job that would pay as much as a welfare standard of living. There is no evidence of any unscheduled disability, as there was in *Mansfield v. Caplener Bros.*, 10 Or App 545, 500 P2d 1221 (1972), upon which claimant relies. The evidence does not show that the injury to the legs alone precludes claimant from any gainful employment. It would have been desirable if Dr. Ellison's ambiguous statement in the last paragraph of his letter quoted supra had been clarified. It also would be desirable if evidence were in the record concerning poor eyesight and back injuries which claimant's counsel claims he has, if he has such impairments.

■ The burden is upon claimant to prove his claim. ORS 656.206(2). He simply failed in that respect to meet the kind of burden imposed by the *Jones* decision and the statutory schedule.

■ Nevertheless, we are impressed that the evidence produced indicates that claimant's leg disabilities prevent him from engaging in most gainful occupations. The Board thought he should get scheduled leg disabilities rated at 50 percent for each. The circuit court was impressed enough to raise this to 60 percent for each. We are more impressed, and we raise it to 80 percent for loss of use of each leg.

Affirmed as modified.