RIOS, *Appellant, v.* HELMS BROS., *Respondent.*

507 P2d 424

*Glenn D. Ramirez,* Klamath Falls, argued the cause for appellant. With him on the briefs were Ramirez & Hoots, Klamath Falls.

*Charles Paulson,* Portland, and Edwin A. York, Portland, filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C. J.

This is a workmen's compensation case in which the claimant is seeking to increase to permanent total disability an award of 160 degrees for permanent partial disability made by the hearing officer and affirmed by the Workmen's Compensation Board and the circuit court. The claimant's assignment of error reads:

"The trial court erred in finding and concluding: That Claimant has permanent partial disability not exceeding 160 degrees and that in assessing the amount of permanent partial disability the court concurs with the Workmen's Compensation Board and that there is no evidence to substantiate Claimant's allegation that he is the subject of minority discrimination and therefore based upon said findings, the order of the Workmen's Compensation Board dated December 31, 1971, is affirmed."

■ He points to no evidence and cites no authority to support his claim of minority discrimination. As near as we can interpret his brief, his arguments are that (1) he is a farm worker of Mexican descent, (2) most farm workers are of Mexican descent, Negroes or Indians, and (3) ORS 656.210 (3)① is unconstitutional because it is the product of invidious legislative intent to give less compensation to individuals who are members of those ethnic groups. Even if there was some merit to this contention we could not properly consider it here. ORS 656.210 deals with *temporary* total disability only. The only issue which the claimant

---

① ORS 656.210 in pertinent part provides:

"(1) When the total disability is only temporary, the workman shall receive during the period of that total disability compensation equal to 66-2/3 percent of wages, but not more than $85 a week nor less than the amount of 90 percent of wages a week or the amount of $50 a week, whichever amount is lesser.

"(2) For the purposes of this section, the weekly wage of workmen shall be ascertained by multiplying the daily wage the workman was receiving at the time of his injury:

"(a) By 3, if the workman was regularly employed not more than three days a week.

"(b) By 4, if the workman was regularly employed four days a week.

"(c) By 5, if the workman was regularly employed five days a week.

"(d) By 6, if the workman was regularly employed six days a week.

"(e) By 7, if the workman was regularly employed seven days a week.

As used in this subsection, 'regularly employed' means actual employment or availability for such employment.

"(3) For purposes of this section the weekly wages of a workman on a farm may not exceed one fifty-second of the actual wages received by such workman in the 12-month period preceding the injury. If the workman was employed for less than 176 days of the preceding 12 months, the board shall set a reasonable weekly wage to be used as actual wages under this section."

has raised on appeal addresses itself to his degree of *permanent* disability.

■ The claimant, now about 40 years of age, was working as a field laborer at the time of an injury to his back. The injury necessitated several operations. According to his doctor his condition is now stationary, and his residual disability is such as to preclude him from doing heavy lifting or constant bending in the future. There is nothing in the record to show that he is unqualified to do lighter work not requiring heavy lifting or constant bending. Nor does the record support a finding that such work is either not available or that he, if not presently qualified for such work, is not retrainable so as to qualify. To the contrary, the record shows that for four weeks prior to the hearing he was working as a "row boss" on a farm without any great difficulty.

Affirmed.