Submitted on records and briefs December 16, 1974, affirmed January 27, 1975

WILLIAMS (No. 74-551-E-1), *Appellant, v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
530 P2d 1255

Alan B. Holmes, Medford, for appellant.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and John W. Burgess, Assistant Attorney General, Salem, for respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

PER CURIAM.

■■ This is an appeal challenging the adequacy of a compensation award made to the claimant. Essentially, the claimant contends she is entitled to an award of permanent total disability under the "odd-lot" doctrine. The referee, the Workmen's Compensation Board and the circuit court judge each disagreed with her.

In numerous opinions, we have discussed that doctrine and see no need to restate its principles here. *House v. SAIF,* 20 Or App 150, 530 P2d 872 (1975); *Deaton v. SAIF,* 13 Or App 298, 509 P2d 1215 (1973); *Swanson v. Westport Lumber Co.,* 4 Or App 417, 479 P2d 1005 (1971); *Newlin v. SAIF,* 15 Or App 378, 515 P2d 1360 (1973); *Rios v. Helms Bros.,* 12 Or App 540, 507 P2d 424 (1973).

The referee in his opinion awarded claimant 192 degrees permanent partial disability for her unscheduled low back disability. From our own independent evaluation of the record, we agree with that award and the referee's findings, as did both the Workmen's Compensation Board and the trial court. Accordingly, we borrow heavily from his findings of fact and conclusions. He stated:

"* * * * *

"ISSUE

"What is the extent of claimant's permanent disability resulting from her compensable industrial injury of October 13, 1970?

## "FINDINGS

"Claimant suffered a compensable accidental injury on October 13, 1970 to her low back, right hip and right leg when she slipped and started to fall while working on a cannery conveyor belt. Her claim was accepted and subsequently closed on April 4, 1973 by Determination Order of the Closing and Evaluation Division, Workmen's Compensation Board, awarding claimant, in addition to temporary disability benefits, an award for permanent partial disability of 40% of the maximum allowable by statute for unscheduled low back disability equal to 128 degrees, of a maximum 320 degrees * * *. Claimant filed a Request for Hearing on May 15, 1973.

"Claimant was working on a conveyor belt when she slipped on the wet floor and started to fall with her right leg out in front of her. Her right foot went under the conveyor belt; she struck her right leg on an iron rod injuring her right leg and right hip. She was able to catch herself to keep from falling to the floor but as she did so she twisted her low back. She was able to return to work for a short time only and then had severe low back and right leg pain which caused her to quit work that same day.

"She received subsequent medical treatment which eventually required surgical intervention, first a laminectomy and excision of the lumbosacral disc in July 1971 and subsequent additional surgery in November 1971 for removal of scar tissue and a two-level spinal fusion, L-4 to sacram. Her subsequent progress was not satisfactory; an examination in November 1972 revealed motion at L4-5 level indicating a psuedoarthrosis of the spinal fusion. She has not had prior back problems or health problems causing any disability of the back or right leg.

"She continues to have pain in the low back and right hip which increases after certain activities,

and numbness of the right leg and right foot. She has been unable to work since her injury. She also complains of numbness of the right arm and numbness of the first three fingers of the right hand but there is no medical evidence indicating this is related to either her industrial injury or treatment. She continues to take prescribed medication for pain. Many of her former household activities have been restricted or terminated.

"Claimant is a 57 year old married woman whose entire working experience has been seasonal work in food canning and processing, and fruit packing. Her formal education terminated after completion of the 11th grade and she has no special training or skills except those acquired doing cannery work. She has above average mental resources but below average mathematical apptitude [sic] and physical dexterity skills. She appears to be a poor candidate for vocational rehabilitation considering her intellectual qualities and poor vocational apptitudes [sic]. The record reflects that she has previously indicated that her husband wants her to stay at home and that even though she would feel better she would probably stay at home, as well as other evidence indicating that claimant is not motivated to return to work.

"The medical evidence clearly reflects her physical disability resulting from this injury, which appears to be moderately severe, prevents her return to her former occupation or like jobs requiring manual labor. It is indicated, however, that she would be able, from a physical standpoint, to do light work despite her limitations.

"The record also reflects a lack of cooperation with vocational counselors which was not satisfactorily explained by claimant.

"* * * * *

"Claimant has failed to sustain her burden to establish that she is entitled to compensation for permanent total disability as she contends. The

record does not reflect that claimant is entirely unable to do any work. From a physical standpoint, there are certain types of light work which she could perform. * * * In such cases, the burden is upon claimant to show evidence of good motivation, which claimant has not done * * *; in fact, the evidence is contrary.

"* * * * * *."

The referee concluded that she was entitled to an award of 192 degrees, rather than the 128 degrees awarded her by the Closing and Evaluation Division. We agree.

Affirmed.