Argued October 30, reversed December 18, 1969

MOORE, *Respondent, v.* U. S. PLYWOOD
CORPORATION ET AL, *Appellants.*
462 P. 2d 453

*Keith D. Skelton,* Portland, argued the cause and
filed the briefs for appellants.

*Maurice V. Engelgau,* Coquille, argued the cause and filed the brief for respondent.

SCHWAB, C. J.

The circuit court found that claimant Moore had suffered an accidental injury arising out of his employment by defendant U. S. Plywood Corporation. Moore's appeal to the circuit court was preceded by an order of a hearing officer of the Workmen's Compensation Board finding that Moore had not suffered an accidental injury arising out of his employment and ordering that his claim for compensation be dismissed. The hearing officer's order was subsequently affirmed by the Workmen's Compensation Board. This is an appeal from the circuit court order by the defendant-employer and its insurance carrier.

The results of litigation often turn on the question of the credibility of a key witness. The phrase "credibility of a witness" has differing meanings depending upon the context in which it is used. While the rule we hereinafter discuss has varying degrees of application, depending upon the sense in which the phrase is used, it is a particularly strong factor in deciding a case such as this one, which turns on the question, "Was the claimant telling the truth as he saw it or was he being intentionally false?"

In the traditional *de novo* hearing on appeal from the court below we give great weight to the findings of the trial judge on matters of credibility—not because he, any more than an appellate judge, is omniscient, but simply because he saw and heard the witness whose credibility is in issue. This method of judging credibility is far from infallible, but neither law nor science has produced a suitable substitute.

In an appeal under the Workmen's Compensation Law the trial judge, reviewing only the record, cannot give us the benefit of his opinion of the credibility of "live" witnesses. The hearing officer sees and hears the witnesses. Thus, for the same reasons we give weight to the findings of the trial judge on the issue of credibility in cases where he sees and hears the witnesses, we give weight to the findings of the hearing officer on the matter of credibility of witnesses in appeals under the Workmen's Compensation Law.

3. Claimant Moore went to work for the U. S. Plywood Corporation in the latter part of August 1966, as a greenchain puller. A few days later, on September 2, 1966, he complained of being involved in an unwitnessed, on-the-job accident. The hearing officer, in rejecting his claim, made lengthy written findings of fact. We quote from the hearing officer's findings which the transcript of testimony amply supports:

"Claimant's version of the happening of an unwitnessed accident, particularly coupled with an alleged injury for which only subjective symptoms appear, presents a not uncommon and usually troublesome question of whether the accident happened at all, *the answer to which depends entirely on the credibility of claimant himself.* Here, not only is the claimant's respect for truth demonstrably poor, but the few facts of the alleged accident which can be checked all check out against claimant's version. No fewer than five witnesses place claimant's work area in the first position on the 'short' side of the greenchain. This is significant because, as claimant's foreman, George Gillenwater, testified, any board of the size claimant claims he was lifting would have been pulled from the *long,* not the short side of the chain. Further, none of the employees observed the accident take place, and none observed the fallen lumber which claimant testified he left lying on the ground. The

witnesses included, in addition to Gillenwater, three men who worked on the short side of the greenchain in positions on either side of claimant, and the carrier-driver who would have been unable, as he testified, to pick up a pile which had partially tipped over and had not been 'topped off.' There was no reason to believe that any of defendant's witnesses were not telling the truth." (First emphasis supplied.)

The Workmen's Compensation Board affirmed the order of the hearings officer rejecting the claim, stating in its order:

"The matter on review involves the issue of whether the claimant received a compensable injury to his neck. The accident was unwitnessed and in such cases the surrounding circumstances and credibility of the claimant become quite important."

The circuit court made no detailed findings, saying in its order only: "1. Claimant suffered a compensable injury on 2 September 1966, as a result of an accident arising out of and in the course of his employment  *  *  *."

Our review of the record, coupled with the weight we give to the hearing officer's evaluation of the claimant's credibility, leads us to the conclusion that the judgment of the trial court must be reversed and the order of the Workmen's Compensation Board reinstated.

It is so ordered.