Argued October 27, reversed with instructions November 23, 1970

## MARTIN, *Appellant, v.* DOUGLAS COUNTY LUMBER CO. et al, *Respondents.*

476 P2d 940

*Donald S. Kelley,* Roseburg, argued the cause for appellant. With him on the brief were Luoma, Kelley & Woodruff, Roseburg.

*Paul E. Geddes,* Roseburg, argued the cause for

respondent. With him on the brief were Geddes, Felker, Walton & Richmond, Roseburg.

Before SCHWAB, Chief Judge, and FOLEY, FORT and BRANCHFIELD, Judges.

## BRANCHFIELD, J.

Claimant received a low back injury on the job while pulling heavy lumber on the green chain. His case was closed with an award for unscheduled permanent partial disability equal to 32 degrees. Claimant appealed to the hearing officer who increased the award to 80 degrees for an unscheduled disability. The employer appealed to the Workmen's Compensation Board which reinstated the award of 32 degrees. Claimant appealed to the circuit court, requesting that the award be increased to 256 degrees. The circuit court affirmed the Workmen's Compensation Board. Claimant appealed to this court.

Both sides stipulated that the only issue before the court is the extent of permanent partial disability.

The medical evidence in the record is inconclusive. The first medical report of claimant's injury contained the simple diagnosis, "strained back." The second report by the same doctor three weeks later said, "strained right side of back—sprained right side of back." Two months after the accident the reports localized the injury to the "low back." The only relatively complete report was that prepared by a doctor to whom the employer sent the claimant for examination five months after the injury. It mentions that claimant told the examining doctor that his own doctor had earlier given him some medicine because of a high acid condition in his blood. Based upon this comment

by the claimant the doctor wrote, "Presumably this means that he was found to have gout * * *." The doctor found degenerative changes in claimant's spine in the area of claimant's injury. He reported that he believed these changes occurred prior to the injury, but could not be certain because there were no earlier X-rays available for comparison.

Although there was a pre-existing degenerative condition of the spine there is no testimony that it was symptomatic prior to the injury. Insufficient medical evidence exists upon which to base an objective finding as to the amount of permanent partial disability.

Claimant testified that prior to the injury he considered himself to be "indestructible." He had worked for Douglas County Lumber Co. for five years prior to the injury and during that time had missed only three or four days of work due to minor illness. He had lost no time from work with back trouble and had taken no vacations. He testified that he had lived an active outdoor life and had always worked at manual labor. Claimant and others testified that since the injury he has been substantially unable to work at any gainful employment because of a "nagging" pain most of the time, which increases markedly with physical activity.

■ Considerable weight must be given the findings of the hearing officer. *Melius v. Boise Cascade Corp.*, 2 Or App 206, 466 P2d 624 (1970).

In *Moore v. U.S. Plywood Corp.*, 1 Or App 343, 462 P2d 453 (1969), this court said:

> "In an appeal under the Workmen's Compensation Law the trial judge, reviewing only the record, cannot give us the benefit of his opinion of the credibility of 'live' witnesses. The hearing of-

ficer sees and hears the witnesses. Thus, for the same reasons we give weight to the findings of the trial judge on the issue of credibility in cases where he sees and hears the witnesses, we give weight to the findings of the hearing officer on the matter of credibility of witnesses in appeals under the Workmen's Compensation Law."

In *Uris v. Compensation Dept.*, 247 Or 420, 426, 427 P2d 753, 430 P2d 861 (1967), the court stated:

"In the compensation cases holding medical testimony unnecessary to make a prima facie case of causation, the distinguishing features are an uncomplicated situation, the immediate appearance of symptoms, the prompt reporting of the occurrence by the workman to his superior and consultation with a physician, and the fact that plaintiff was theretofore in good health and free from any disability of the kind involved. A further relevant factor is the absence of expert testimony that the alleged precipitating event could not have been the cause of the injury * * *."

All of these factors are present in this case. In *Uris*, at page 427, the court went on to say:

"* * * Plaintiff was, of course, a competent witness as to the pain he suffered and his impaired ability to perform physical labor: Wilson v. SIAC, 162 Or 588, 599, 94 P2d 129. * * *"

In *Hannan v. Good Samaritan Hospital*, 4 Or App 178, 471 P2d 831, 496 P2d 931 (1970), Sup Ct *review denied* (1971), with respect to pain this court stated:

"Regardless of the number of standards the human mind has so far devised, formulae for valuing injuries in terms of dollars are at best imprecise. For example, pain is subjective. Even though we say only disability is compensable, that pain and suffering are not, pain governs movement, and movement affects degree of disability. * * *"

■ The medical evidence does not clearly delineate the extent of disability. The testimony of the claimant is therefore crucial and only the hearing officer had an opportunity to observe him. The hearing officer found claimant to be "a credible witness who made no apparent attempt to exaggerate his symptoms." It was not improper for the hearing officer to base his decision on the claimant's testimony as to the effects of the injury.

The Workmen's Compensation Board placed great reliance on the existence of gout or a similar systemic condition. However, there is no evidence that prior to the injury a blood acid condition (a possible symptom of gout) affected claimant's employability.

Reversed, with instructions that claimant's award be increased to 25 percent of a man for unscheduled disability (80 degrees) in conformance with the order of the hearing officer.