Argued December 15, 1970, affirmed January 28, 1971

SWANSON, *Respondent, v.* WESTPORT
LUMBER COMPANY ET AL, *Appellants.*

479 P2d 1005

*Arden E. Shenker*, Portland, argued the cause for appellants. With him on the briefs were Tooze, Powers, Kerr, Tooze & Peterson, and Charles R. Holloway, III, Portland.

*Bernard Jolles*, Portland, argued the cause for respondent. With him on the brief were Franklin, Bennett, DesBrisay & Jolles, Portland.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

The sole issue in this workmen's compensation appeal is the extent of claimant's permanent disability resulting from a compensable injury received on January 19, 1967.

On April 19, 1968, an order was entered granting claimant-workman an award for permanent total

disability. The employer and its insurer requested a hearing following which the hearing officer canceled the determination order and reduced claimant's award to one for permanent partial disability. On review the Workmen's Compensation Board affirmed the order of the hearing officer. The claimant then appealed to the Circuit Court for Clatsop County. After a hearing on the matter the circuit court entered its judgment order restoring the original award of permanent total disability. The employer and its insurer appeal the circuit court's judgment to this court. We review de novo on the entire record. *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

Claimant, now 63 years of age, was working as a planer man in a sawmill on January 19, 1967, when he fell, severely injuring his back. He spent several weeks in the hospital, wore a body cast and was eventually fitted with a temporary back brace. Since the injury claimant has been examined or treated by no less than four physicians, has undergone psychological and vocational evaluation and has received physical and occupational therapy. Besides the above mentioned injury, claimant has approximately 60 per cent disability of the right leg as a result of an injury incurred in 1938. He has not worked in four years.

As pertinent to this appeal, permanent total disability is defined as any condition which permanently incapacitates a workman from regularly performing any work at a gainful and suitable occupation. ORS 656.206 (1). Total disability under the Workmen's Compensation Act does not mean permanent utter helplessness. *Cooper v. Publishers Paper*, 3 Or App 415, 474 P2d 27 (1970). The fact that a claimant is

capable of performing some light work or of earning occasional wages does not necessarily preclude a finding of total disability. In *Cooper* this court cited with approval the following rule set down by the Minnesota Supreme Court:

> " ' "An employe that is so injured that he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist, may well be classified as totally disabled." ' " 3 Or App at 422.

This rule is essentially the same as the so-called oddlot doctrine. Under that doctrine,

> " * * * total disability may be found in the case of workers who, while not altogether incapacitated for work, are so handicapped that they will not be employed regularly in any well-known branch of the labor market. * * *" 2 Larson, Workmen's Compensation Law 84, § 57.51 (1970).

Claimant contends that, as a result of his injury coupled with his pre-existing disability, he is a member of this odd-lot work force and, therefore, it is incumbent upon the defendants to show the availability of regular, suitable employment in order for them to sustain a successful challenge to the circuit court's judgment.

■ As we have stated on numerous occasions this court should give weight to the findings of the hearing officer, especially insofar as the resolution of an issue turns upon the credibility of witnesses. *Martin v. Douglas Co. Lumber,* 4 Or App 69, 476 P2d 940 (1970); *Moore v. U. S. Plywood Corp.,* 1 Or App 343, 462 P2d 453 (1969). Nevertheless, we are not bound by those findings. *Hannan v. Good Samaritan Hosp.,* supra.

We cannot ignore the other evidence contained in the record.

The hearing officer found that claimant had sustained a serious low back injury, that he was restricted from all heavy lifting and strenuous work, that he was unable to stoop, squat or bend without suffering additional and increased pain, that he could not walk more than four or five blocks without experiencing additional back pain, and that he could not sit, stand, or lie in one position for a prolonged period of time. He also found that claimant's right knee had failed him on several occasions, causing him to fall, and that claimant had a pre-existing 60 per cent disability of the right leg. Nevertheless, the hearing officer felt that claimant was exaggerating his symptoms, and that he lacked motivation to work. The hearing officer concluded that claimant's failure to return to work or to seek vocational rehabilitation was in part voluntary. He then reduced claimant's award to one for permanent partial disability.

In addition to the testimony given before the hearing officer, there was evidence in the form of numerous exhibits including reports by four physicians, a psychologist, and two vocational counselors. One physician, Dr. F. A. Short, placed claimant's disability at 100 per cent of the lumbo-dorsal spine. Dr. Raymond A. Case, who testified before the hearing officer, felt that claimant would be unable to do work of the type he had done most of his life but thought he could do some work. The original treating physician, Dr. James Estes, believed that permanent impairment would probably result.

Dr. Norman W. Hickman, a psychologist, found claimant to be cooperative and appreciative of efforts

that were being made to help him. Dr. Hickman reported further that claimant was taking a constructive attitude toward his future and was probably quite realistic in his concern about obtaining a job. The psychologist's prognosis was somewhat guarded, recognizing that claimant's age, eighth grade education, lack of special skills, 40 years of experience working in sawmills, and certain other factors might pose a problem in his rehabilitation.

Claimant went through an 18-day physical and occupational therapy program at the Physical Rehabilitation Center of the Workmen's Compensation Board. Dr. Robert W. Toon, a medical examiner at the center, reported that both physical and occupational therapists found claimant to be cooperative. Dr. Toon's discharge report indicated that claimant was somewhat more limber than when he entered but was still in pain. It was the consensus of the discharge committee that claimant had a substantial occupational handicap and was eligible for vocational rehabilitation services. However, the committee felt that, due to claimant's age and disability, any detailed program would not be feasible.

Claimant was then directed to the Division of Vocational Rehabilitation of the Oregon State Department of Education. After a lengthy interview the counselor concluded that in light of claimant's age and disability it would be fruitless to initiate a training program for him. Claimant was then declared ineligible for the division's services.

■ It is a well-recognized principle of Workmen's Compensation Law that a claimant-workman must prove that he has sustained a compensable injury. *Dimitroff v. State Ind. Acc. Com.*, 209 Or 316, 306 P2d 398 (1957); *Satterfield v. Compensation Dept.*,

1 Or App 524, 465 P2d 239 (1970). Where, however, does the burden of proof lie in circumstances such as those before us now? Claimant contends that, since he is clearly in the odd-lot category, defendants have the burden of showing the availability of regular, suitable employment. Defendants argue that claimant must prove he is an odd-lot employe and that he has not done so.

Mr. Larson, in his discussion of the odd-lot doctrine, points out that

"[a] number of opinions * * * have stressed that the burden is on the employer to prove the availability of steady work, once the claimant has been shown to be in the odd-lot category. There is no presumption that, merely because claimant is physically able to do light work, appropriate employment is regularly available to him. * * *" 2 Larson, supra, at 88.4.

Larson then suggests the following principle on burden of proof:

"* * * If the evidence of degree of obvious physical impairment, coupled with other factors such as claimant's mental capacity, education, training, or age, places claimant *prima facie* in the odd-lot category, the burden should be on the employer to show that some kind of suitable work is regularly and continuously available to the claimant. * * *" 2 Larson, supra, at 88.16-.17.

We think this principle is sound and, furthermore, consistent with the general rule that the party with the affirmative of the issue shall shoulder the burden of proof on that issue. ORS 41.210.[①]

_____

[①] ORS 41.210:

"The party having the affirmative of the issue shall produce the evidence to prove it. Therefore, the burden of proof lies on the party who would be defeated if no evidence were given on either side."

The evidence in the record before us, which has been set out briefly above, establishes prima facie that claimant is an odd-lot employe. Testimony introduced by defendants is supportive of claimant's position. At the hearing they presented a witness, one Daryll Ross, who operates a merchant security patrol in the Astoria area, near claimant's home in Warrenton, Oregon. Mr. Ross testified that he employed handicapped and elderly people in his business. However, when asked a hypothetical question encompassing an approximate description of claimant with his disabilities, Mr. Ross replied that he did not believe he could hire a man with claimant's limitation in walking. In any event, the witness indicated that he had no openings in his business at the time. We conclude that claimant is permanently incapacitated from regularly performing any work at a gainful and suitable occupation.

Affirmed.