Argued April 20, affirmed June 17, 1971

BAILEY, *Respondent, v.* MORRISON-
KNUDSEN COMPANY, *Appellant.*
485 P2d 1254

*Philip A. Mongrain,* Portland, argued the cause and filed the briefs for appellant.

*William V. Deatherage,* Medford, argued the cause for respondent. With him on the brief were Frohnmayer & Deatherage, Medford.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

Following an on-the-job injury on August 30, 1967, the claimant sought compensation pursuant to

the Oregon Workmen's Compensation Act against his direct responsibility employer, Morrison-Knudsen Company.

The administrative determination awarded claimant temporary total disability to November 5, 1968, and permanent partial disability equal to 25 percent of the workman for unscheduled disability.[1]

The hearing officer found claimant to be permanently and totally disabled. On review the Workmen's Compensation Board modified the order of the hearing officer, reducing the award of disability from permanent total disability to permanent partial disability of 160 degrees for unscheduled disability.

Claimant appealed to the circuit court. The court found the claimant to be permanently and totally disabled. Employer appeals from this judgment.

On appeal, the employer urges that the circuit court erred (1) in finding the claimant to be permanently totally disabled and incapacitated from regularly performing any work at a gainful and suitable occupation and (2) in giving inappropriate weight to the hearing officer's opinion and order.

Claimant cross-appealed contending that the circuit court erred in refusing to allow attorney's fees in addition to the disability award.

Claimant was 54 years of age at the time of the injury. His education is limited to the eighth grade. He has no vocational training. His work experience is limited to a deckhand on a commercial fishing vessel and general carpentry work. He had been a carpenter since 1941.

---

[1] ORS 656.214.

After the injury he continued to work for several weeks before consulting a doctor because of the discomfort he was suffering. Dr. N. J. Wilson performed a laminectomy on claimant's lumbar spine in 1968. The laminectomy did not improve claimant's condition. A fusion of claimant's spine was considered, but was not performed.

The evidence showed that: Claimant requires assistance to stand up. He has pain in both legs but the right leg is more painful. His left foot goes to sleep occasionally. Claimant cannot go up and down stairs in ordinary fashion. He has difficulty in lifting his legs after the fifth step and must rest before continuing. He must occasionally lie down in order to restore circulation and feeling into his legs. He wears a back brace for support. He has attempted to work around the house, but with great difficulty. He is required to rest several hours each day to obtain relief from the constant pain.

Claimant obtained counseling at the rehabilitation center in Portland. He was rejected for retraining. On one trip to the Portland Physical Rehabilitation Center it required seven and one-half hours for his wife to drive their vehicle from Ashland to Portland, due to the number of rest periods required because of his back and leg conditions.

Allen W. Rettmann, local business agent for the carpenter's union, testified that light bench work could not be performed by claimant due to his disability. Claimant sought rehabilitation by contacting the vocational rehabilitation office in Medford several times. However, the counselor never discussed any retraining with claimant and refused to open a file for such purposes even though he had been requested

to do so. The counselor never attempted to determine whether or not claimant was physically able to work, and did not know the extent of claimant's ability to work. The rehabilitation clinic in Portland had placed claimant in "classification 3," "very doubtful," as to his ability to be restored. The counselor did not know of any job or field in which claimant could be retrained. Claimant's former employer, Allen Emigh, a witness called on behalf of employer, testified that he would not hire claimant for any type of work, including light cabinet work, because of his physical handicap.

Mr. Murphy and Dr. Hickman of the Psychology Center of the Physical Rehabilitation Center indicated that claimant was willing to accept vocational or educational training, but their testing did not indicate any specific occupational areas suitable for him. The Psychology Center found some situational anxiety relationship to his physical problems and moderate depressions at times. The doctors of the Vocational Rehabilitation Center were of the opinion that claimant was a poor to fair candidate for vocational rehabilitation since he had suffered a substantial occupational handicap. Dr. N. J. Wilson had been in doubt as to the necessity of a spinal fusion. After consulting with Dr. Bolton it was agreed that no spinal fusion should be performed. The claimant agreed to undergo fusion surgery if recommended by the doctors.

Employer admits that claimant is no longer physically able to perform work as heavy as that which he was doing at the time of his injury. Employer argues, however, that a finding that claimant is permanently and totally disabled is not called for as claimant can do light work.

■ As we pointed out in *Swanson v. Westport*

*Lumber Co.,* 4 Or App 417, 423, 479 P2d 1005 (1971), the burden of proof is on the employer to prove the availability of steady work in a situation such as that presented by the case at bar. We conclude that claimant has established that he is a member of the "odd-lot work force" as we found in *Swanson.*

The witness Rettmann testified that claimant would not be able to work in a cabinet shop because he would have to sit at a machine for two hours, something he cannot do in his present condition. Claimant's former employer gave similar testimony, stating that he would not hire claimant for any type of work, including light cabinet work.

■ The employer has not presented evidence sufficient to meet its burden on this issue and, as related above, the record presents evidence contrary to employer's contention.

The record demonstrates that claimant is entitled to a finding of permanent total disability.

■ The employer claims that the circuit court gave inappropriate weight to the hearing officer's opinion and order. The opinion of the hearing officer should be given considerable weight on matters involving the credibility of witnesses who have testified before him. *Martin v. Douglas Co. Lumber,* 4 Or App 69, 71-72, 476 P2d 940 (1970); *Melius v. Boise Cascade Corp.,* 2 Or App 206, 466 P2d 624 (1970); *Moore v. U. S. Plywood Corp.,* 1 Or App 343, 462 P2d 453 (1969). This does not mean that the circuit court is bound by the hearing officer's findings, because it tries the case de novo. *Swanson v. Westport Lumber Co.,* supra, at 420.

On cross-appeal claimant contends that the circuit court erred in refusing to allow attorney's fees in addition to the disability award.

Claimant appealed to the circuit court from the Workmen's Compensation Board's order reducing claimant's award. The circuit court found in claimant's favor, but refused to allow any attorney's fees to claimant in addition to the disability award. This was not error.

Allowance of attorney's fees in workmen's compensation cases is purely statutory. The statutory scheme is exclusive and if no provision is made, then attorney's fees cannot be allowed. *Uris v. Compensation Department,* 247 Or 420, 428, 427 P2d 753, 430 P2d 861 (1967).

ORS 656.382 (2) provides:

"If a request for hearing, request for review or court appeal is initiated by an employer or the fund, and the hearing officer, board or court finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer or fund shall be required to pay to the claimant or his attorney a reasonable attorney's fee in an amount set by the hearing officer, board or the court for legal representation by an attorney for the claimant at the hearing, review or appeal."

Here, the employer initiated the request for review by the board from an award of the hearing officer of permanent total disability. The board reduced the award; therefore attorney's fees cannot be awarded under ORS 656.382 (2), notwithstanding this reduction was reversed on appeal to the circuit court, which reinstated the earlier award made by the hearing officer.

ORS 656.386 provides:

"(1) In all cases involving accidental injuries where a claimant prevails in an appeal to the circuit court from a board order denying his claim for compensation, the court shall allow a reasonable attorney's fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the hearing officer or in a review by the board itself, then the hearing officer or board shall allow a reasonable attorney's fee; however, in the event a dispute arises as to the amount allowed by the hearing officer or board, that amount may be settled as provided for in subsection (2) of ORS 656.388. Attorney fees provided for in this section shall be paid from the Industrial Accident Fund as an administrative expense when the claimant was employed by a contributing employer, and be paid by the direct responsibility employer when the claimant was employed by such an employer.

"(2) In all other cases attorneys' fees shall continue to be paid from the claimant's award of compensation except as otherwise provided in ORS 656.301 and 656.382."

Inasmuch as the board order appealed to the circuit court did not deny the workman's claim but merely reduced it, ORS 656.386 (1) does not apply.

We find no provision in the law whereby claimant is entitled to recover an attorney fee from his former employer for services performed by his counsel in successfully appealing the board's decision to the circuit court, where the claimant rather than the employer or the board initiated the appeal to the circuit court. We conclude that ORS 656.386 (2) controls. This is further borne out by the contemporaneous construction of the several statutes in the agreement on attorneys' fees in workmen's compensation matters,

dated March 1, 1966, between the Workmen's Compensation Board and the Board of Governors of the Oregon State Bar entered into pursuant to the provisions of ORS 656.388 (4).

The pertinent section of that agreement reads:

"C. FEES WHEN REVIEW INITIATED BY DIRECT RESPONSIBILITY EMPLOYER OR DEPARTMENT

"* * * * * *

"12. If there is an appeal by claimant to the Circuit Court where a request for a review was initiated before the hearings officer by the department or direct responsibility employer and the court increases the award made by the board upon review, the court should allow an additional fee to claimant's attorney in such an amount that when added to the total fee, if any, previously allowed, the entire amount should be not more than $1,500.00.

"* * * * * *"

Much as we are persuaded by the meritorious argument of claimant's counsel of the inequity of requiring the injured workman to compensate his attorney from his disability award where the employer initiated the appeal to the board from a decision of the hearing officer awarding total and permanent disability, the remedy lies with the legislature.

Affirmed.