Argued May 22, affirmed June 17, 1974

EGGER (No. 394-696), *Appellant, v.* GATEWAY
CARE CENTER, *Respondent.*

523 P2d 597

*Alan M. Scott,* Portland, argued the cause for appellant. With him on the brief were Galton & Popick and Gary M. Galton, Portland.

*William L. Hallmark,* Portland, argued the cause for respondent. With him on the brief were McMenamin, Jones, Joseph & Lang, Portland.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

In this workmen's compensation case the claimant was initially granted an award of permanent total disability by the Closing and Evaluation Section of the Workmen's Compensation Board. The employer requested a hearing to contest the award and the hearing officer, after hearing, set aside the permanent total disability award and granted a permanent partial disability award of 192 degrees (60 percent of a workman) for unscheduled disability. This award was affirmed by the Board and the circuit court. On this appeal claimant contends for permanent total disability.

The 63-year-old claimant sustained a compensable injury November 24, 1971, when she strained her back while employed as a cook in a convalescent home.

Whether claimant is entitled to an award of permanent total disability is principally controlled by the effect to be given to the testimony of the three doctors who examined claimant. Dr. Bernard P. Har-

pole was her treating physician and had been her physician for some nine years. The other two doctors, Drs. Shlim and Post, examined her in connection with this claim.

■ The trial court analyzed as follows:

"Initially, plaintiff was given an award of permanent total disability upon closing. Subsequently under an opinion order of the Hearing Officer this was changed to an award of permanent partial disability quoted at 60 percent of the workman order [sic] of 192 degrees for unscheduled disability. This award was affirmed on review by the Board, two members participating, and, I take it, primarily because of the following statement:

" 'The medical evidence also supported the finding that claimant was not permanently and totally disabled, specifically as testified to by Nathan Shlim, M.D. and Robert H. Post, M.D.'

"The Board also denied a Motion to Reconsider, stating:

" 'The Board has considered claimant's Motion to Reconsider and has again examined its determination of this case and continues to be of the opinion that the opinion of Dr. Bernard P. Harpole is not sufficient to overcome the testimony of the other doctors. The Board also denied Claimant's request for attorneys' fees.'

"I am of the opinion that both orders of the Board and the findings of the Hearing Officer are to be affirmed. I specifically agree with the Board's characterization of the evidence from Drs. Shlim and Post, and particularly, the statement in Dr. Harpole's report of August 18, 1972 * * * wherein the following appears:

" 'I have reviewed the reports of Dr. Nathan Schlim (sic), Dr. Robert Post and the Workmen's Compensation Board. I agree completely with all these reports.'

"It is true that the doctor then goes on to recite

the recommendation to the Social Security Administration of permanent total disability and his statement that he does not believe the claimant is capable of 'engaging in gainful or suitable employment in the future.'

"Dr. Shlim's report of June 13, 1972, states:

" 'The patient has tenderness in the mid dorsal spine region with some tightness of the muscles. Her back motion is good for her age; in fact, it is normal in range except that as she bends forward she complains of the discomfort. The lower back and cervical spine are normal. Neurological examination demonstrates no abnormality.'

"Dr. Post states that:

" 'It is apparent that her anxiety is playing a considerable role in this situation, but it is also apparent that this lady is not going to be able to return to lifting 50 lb. pans. I would think she could lift objects not weighing more than 15-20 lbs. although she shouldn't do repetitive bending and lifting from floor level as a primary occupation. I would think her previous occupation could be modified to suit her present physical status. Prolonged sitting and standing are not contraindicated.'

"The findings of Dr. Shlim and Dr. Post are certainly consistent with the award of permanent partial disability. * * *

"* * * * * *"

And in its findings of fact and conclusions of law the trial court held:

"The Court adopts the findings of facts and conclusions of law of the Hearing Officer and Workmen's Compensation Board in this case and concludes that the Claimant is not permanently and totally disabled and that the award [60 percent of a workman or 192 degrees] granted to the Claimant is satisfactory."

We agree with the trial court and affirm its award.

The other issue was whether claimant was entitled to any attorney fees for prevailing on employer's cross-appeal to the Workmen's Compensation Board.

ORS 656.382 (2) provides:

"If a request for * * * review * * * is initiated by an employer * * * and the * * * board * * * finds that the compensation awarded to a claimant should not be disallowed or reduced, the employer * * * shall be required to pay to the claimant or his attorney a reasonable attorney's fee * * *."

Claimant initiated the appeal to the Board on February 10, 1973. On February 14, 1973, the employer cross-appealed. The Board affirmed the order of the hearing officer.

██Attorney fees are awarded only where the legislature has provided for this allowance. *Giese v. Safeway Stores,* 10 Or App 452, 499 P2d 1364, 501 P2d 982, Sup Ct *review denied* (1972); *Bailey v. Morrison-Knudson,* 5 Or App 592, 598-600, 485 P2d 1254 (1971). Accordingly, the question presented is whether a request for review was "initiated" by the employer within the meaning of ORS 656.382 (2). We conclude that "initiated by an employer" means what it says, and the employer was not the initiator of the request for review in this case.

Affirmed.