Argued November 18, affirmed December 15, 1975, reconsideration denied January 21, petition for review denied February 24, 1976

HILL, *Appellant, v.* WILSON-DeLON
OLDSMOBILE CO. (No. 29780), (CA 4903),
*Respondent-Cross-Appellant.*

543 P2d 24

*Kenneth H. Colley,* Corvallis, argued the cause for appellant. With him on the brief were Colley and Morray, Corvallis.

*Gary G. Jones,* Salem, argued the cause for respondent-cross-appellant. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Claimant, then aged 60, suffered an on-the-job back injury on June 2, 1972, had surgery therefor on June 19, 1972, went back to work at his same job as a body and fender repairman on October 1, 1972, continued to February 19, 1973, then stopped work because of continuing back trouble, and his treating physician recommended no more body and fender work. He has had no gainful employment since, but cares for cattle on his stepson's farm.

He sought permanent and total disability compensation under the odd-lot category. *See Deaton v. SAIF*, 13 Or App 298, 509 P2d 1215 (1973); *Mansfield v. Caplener Bros.*, 10 Or App 545, 500 P2d 1221 (1972); *Swanson v. Westport Lumber Co.*, 4 Or App 417, 479 P2d 1005 (1971). The Evaluation Division of the Workmen's Compensation Board awarded degrees totaling 25 percent disability. The referee raised this to 45 percent, the Workmen's Compensation Board affirmed and the circuit judge raised it to 60 percent. Both sides appeal.

In deciding the case, the circuit judge said he considers it is "bad public policy" for the employer to accept, and the employe not to accept, any responsibility for disability attributable to the employe's age under the odd-lot doctrine. Accordingly, the court held that, although in this case he considered the claimant to be unemployable "primarily because of his age and his injury * * * ," he would allow only a part of total disability compensation. We cannot affirm the circuit court's pronouncement of legal theory in this regard. The classical definition of the odd-lot doctrine

which has been adopted in cases cited supra, and others, includes the requirements of a physical impairment, *plus other factors such as* mental capacity, education, training and age. *See Mansfield v. Caplener Bros.*, supra, and *Swanson v. Westport Lumber Co.*, supra. In many of the cases where we have held the doctrine applicable, age has been a major factor in the determination. As recently as in *Hampton v. SAIF,* 23 Or App 74, 541 P2d 167 (1975), such was the case.

Claimant has had extensive evaluation from the medical profession, Back Evaluation Clinic, Vocational Rehabilitation Clinic and psychiatrists. We see no need to summarize their multiple reports. The following conclusions of the referee reflect our view concerning claimant's prospects:

"Claimant clearly cannot return to his former occupation. It is also clear that vocational retraining is out of the question for a man of claimant's age and lack of other work experiences. While he would have some adaptability for lighter work activities and has the physical and mental capacity to conduct such activities, the prognosis for re-entry into the labor market is somewhat guarded because of his mental attitude. It is my opinion that this mental attitude is one which cannot be visited upon this employer to serve as a basis for an increase in compensation for permanent disability since it is not established to be a residual consequence of *the* industrial accident. In my opinion, however, the inability to return to his prior occupation and the narrowed scope of lighter work activities in which claimant could engage because of his lack of prior work experiences and physical problems caused by this injury does cause claimant substantially greater disability in terms of loss of future earning capacity than have been evaluated by the award of permanent

partial disability granted to him in the Determination Order of March 9, 1973 * * *."

■ The claimant in the case at bar shows markedly better physical ability on the record than the record did for the claimant in *Hampton v. SAIF*, supra, where the claimant was a dairy worker living in much the same circumstances as the claimant here. Further, claimant there showed substantially more motivation to return to gainful occupation than does claimant here.[①] There we allowed permanent and total disability. Here, although we arrive at the conclusion by a substantially different process than did the circuit court, we think the amount of the circuit court award is quite satisfactory.

Affirmed.

---

[①] With reference to motivation, see particularly our discussion in Deaton v. SAIF, 13 Or App 298, 304-05, 509 P2d 1215 (1973).