Argued March 19, affirmed April 12, 1976

COX, *Appellant,*

*v.*

MULTNOMAH ATHLETIC CLUB, *Respondent.*

(No. 419537, CA 5441)

547 P2d 1406

*Rita Radich,* Portland, argued the cause and filed the brief for appellant.

*G. Howard Cliff,* Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

Claimant appeals the denial of his workmen's compensation claim. The referee, the Workmen's Compensation Board and the circuit court all held that claimant failed to prove that his claimed knee condition (both knees) was caused by a fall he suffered while employed as a busboy at the Multnomah Athletic Club in October of 1971.

Immediately after his fall, claimant was taken to the Good Samaritan Hospital where he had emergency treatment to his right wrist. The hospital records concerning this event make no mention of knee injuries or any complaints by claimant concerning his knees.

Claimant saw his own doctor to have the stitches removed from his wrist injury. Claimant asserts that he told the doctor of his injured knees. The doctor's records, which were received into evidence, contain no such entry.

Claimant did not call either his doctor or the hospital attendants as witnesses.

Claimant was off work for two weeks. His fellow employes at the Multnomah Athletic Club who were called as witnesses in describing the fall said that claimant landed on his backside and right hand rather than on his knees. All said that when claimant resumed work he gave no evidence of injury or disability to his limbs, and that when asked how he was, he only mentioned that his wrist hurt.

The first record of any complaint by claimant as to his knees appears two years later. This entry is found in the record of his visit to Dr. Evans on April 25, 1973.

Claimant relied to a large extent upon his own testimony regarding the history and causation of his knee troubles. In denying his claim the referee necessarily concluded that claimant's testimony lacked credibility.

■  Although we are not bound by the referee's find-

ings, where, as here, the referee has implicitly found claimant's testimony as to how his injuries occurred not to be credible, we give considerable weight to such a determination. *Bailey v. Morrison-Knudsen,* 5 Or App 592, 485 P2d 1254 (1971).

■  After examining the record we reach the same conclusion as did the referee, the Workmen's Compensation Board and the circuit court, namely, that claimant failed to carry his burden of proof that he suffered compensable injuries to both knees as a result of his fall in October 1971.

Affirmed.