PRICE, *Appellant,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. 75 3987, CA 5363)
549 P2d 533

Argued and submitted March 22, 1976.

*Evohl F. Malagon,* Eugene, argued the cause and filed the brief for appellant.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

**THORNTON, J.**

The issue for our determination is the extent of claimant's permanent disability.

Claimant injured his back on August 21, 1972, while picking up his 40-pound chain saw in the course of his employment as a faller and bucker for Timber Cutters, Inc. He immediately sought medical attention from his family physician, Dr. Glaede, who diagnosed the injury as a sprain of the right lumbar perispinal muscles. A determination order was entered in March of 1973 closing the claim with a finding of no permanent disability. Claimant returned to his regular work in May of that year.

About two months later he severely cut his knee when he slipped and fell on a log. Although this injury resulted in a finding of no permanent disability, claimant has not worked since.

In February of 1974 claimant filed a request for a hearing alleging that the 1972 claim was prematurely closed and should be reopened. A hearing was subsequently held and the referee determined that claimant was permanently and totally disabled as a result of the back injuries suffered in 1972. The State Accident Insurance Fund (SAIF) appealed to the Workmen's Compensation Board, which reversed the referee and awarded claimant 40 per cent or 128 degrees of unscheduled permanent disability. The circuit court affirmed the latter award and claimant appeals.

Our review is de novo. ORS 656.301. One of the major issues for our determination is whether claimant fits into the odd-lot category. If claimant wishes to rely on the odd-lot doctrine, the burden is upon him to make out a *prima facie* case of odd-lot status. *Swanson v. Westport Lumber Co.,* 4 Or App 417, 479 P2d 1005 (1971); *Kirkendall v. Stamper's J & J Tire,* 18 Or App 56, 523 P2d 1052, Sup Ct *review denied* (1974).

The essence of the odd-lot doctrine is that a worker

can be physically capable of performing some work but because of a lack of skills, intelligence and advanced age it is as a practical matter impossible for him to find suitable work. In such situations, the odd-lot doctrine permits a finding of permanent and total disability. *Swanson v. Westport Lumber Co.* and *Kirkendall v. Stamper's J & J Tire,* both *supra.*

In support of his odd-lot claim, claimant points to the fact that he was 60 years old at the time of the back injury in 1972, that he has no formal education beyond the fifth grade and that he is functionally illiterate. His intelligence is in the dull normal range and he rated very poorly on the mechanical aptitude tests given him. He has worked in the woods as a faller and bucker for about 40 years and has no other job skills.

In *Deaton v. SAIF,* 13 Or App 298, 303-04, 509 P2d 1215 (1973), we recognized that one of the major problems in the application of the odd-lot doctrine is who has the burden of proving the availability or unavailability of work, the claimant or SAIF.

" 'In many of these cases, the central issue becomes one of proof: How is unavailability or availability of work shown, and who has the burden of proof? Must the employee prove the unavailability of suitable employment to one in his condition, by evidence of actual attempts to obtain a job or by evidence of employment conditions in that vicinity, or must the employer affirmatively show the availability of the kind of jobs that claimant can still perform? * * *' Larson, supra, § 57.61 [2 Larson, Workmen's Compensation Law].

"Larson suggests the solution as:

" 'A suggested general-purpose principle on burden of proof in this class of cases would run as follows: If the evidence of degree of obvious physical impairment, coupled with other factors such as claimant's mental capacity, education, training, or age, places claimant *prima facie* in the odd-lot category, the burden should be on the employer to show that some kind of suitable work is regularly and continuously available to the claimant * * *.' Larson, supra, § 57.61."

[ 372 ]

■ To bring himself within the odd-lot category a claimant may or may not have to demonstrate his motivation to return to work, *Deaton v. SAIF*, supra at 304-05. If his injuries are so severe that, considering the factors noted, it is obvious he will not be able to find work even though he may be physically able to do some light work, the motivation issue is moot. But, if the injuries are less severe, so that it is not clear that he will be unable to find work, a claimant must show motivation to work before the burden of proof on the availability of work issue shifts.

■ In evaluating the severity of claimant's injuries, we find the report of the Back Consultation Clinic of the Workmen's Compensation Board, to which claimant was referred in August of 1974, to be helpful. Claimant's condition was there diagnosed as degenerative osteoarthritis. The report went on to state:

"*RECOMMENDATIONS:* No further treatment is recommended. His condition is considered stationary. He should not return to the woods, but could return to some other occupation, such as night watchman. He may be discharged from the Disability Prevention Division.

"Loss of function of the back as it exists today is moderately severe; loss of function due to this injury is mildly moderate. * * *"

Since claimant's injuries are not so severe that he is clearly unemployable, motivation to work is an issue.

■ We must independently weigh the evidence on the question of claimant's motivation. After so doing we conclude that claimant has not borne his burden to show that he was truly motivated to return to work. He is now 64 years old and has, we believe, decided that he can work no longer and that the time has come for him to retire. He is presently receiving social security retirement benefits. Dr. Guy Parvaresh, to whom claimant was sent for a psychological evaluation, concluded:

"* * * Mr. Price, of course, sees himself as totally disabled and as such, probably there is little motivation for him to seek employment. * * *"

Not having shown motivation the burden remains with claimant to prove that suitable work does not exist. While there is some evidence that he has sought employment, the evidence on the extent of his efforts to find work is insufficient to show that suitable work is not available. Claimant is therefore not entitled to permanent and total disability under the odd-lot doctrine.

We conclude that claimant is not entitled to permanent and total disability, and that the 40 per cent or 128 degrees awarded claimant below is sufficient.

Affirmed.