Argued June 21, affirmed July 19, 1976

TAYLOR, *Appellant,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. 93105, CA 6021)
551 P2d 1305

*J. David Kryger,* Albany, argued the cause for appellant. With him on the brief were Emmons, Kyle, Kropp & Kryger, Albany.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

**FORT, J.**

Claimant sustained a low back injury. The final result of two determination orders entered about 19 months apart was a combined permanent partial disability award of 30 per cent. Following a hearing before a referee she was awarded permanent total disability. The board, upon review, reduced the referee's award to 50 per cent permanent partial disability. The circuit court, upon appeal, affirmed the board's award, and claimant appeals to this court.

On October 3, 1971, claimant, then about 54, injured her low back while, as she stated in her original claim form, "[b]ending over, cleaning toilet bowl adjacent to laundry in Arms 3 building. When task was done, I could not straighten up."

At the hearing before the referee, only claimant and her husband testified. The remaining evidence, largely medical in nature, was submitted in documentary form. Essentially, claimant urges here first that she comes within the odd-lot doctrine. *Swanson v. Westport Lumber Co.,* 4 Or App 417, 479 P2d 1005 (1971), and second that in this case the referee found her testimony credible and thus under the rule of *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971), we should reinstate the order of the referee.

The state, however, contends that even accepting claimant's testimony, the medical and other evidence does not support the referee's finding.

In its Order on Review the board well summarized the facts:

"* * * * *

"Claimant has a high school education. She was a registered nurse many years ago but gave up her nursing license at the request of her husband. She has also been a seamstress and a playground supervisor.

"The Referee did not question claimant's credibility or motivation, he felt that her complaints were corrobo-

rated by the credible testimony of her husband. The Referee concluded that although claimant did have some minor neck and shoulder problems, the substantial majority of her symptoms were low back and lower extremity related and traceable to the industrial injury. Taking into account claimant's age, education, training, potential and adaptability, he concluded that claimant was unable to work gainfully, suitably and regularly and was permanently and totally disabled.

"The Board, on de novo review, finds claimant is not permanently and totally disabled. The medical reports do not support a finding that the degree of her physical impairment, coupled with other factors such as claimant's mental capacity, education, training or age places her prima facie in the odd-lot category; therefore, the motivation of the claimant to return to work must be shown before claimant establishes a prima facie case of odd-lot status. *Deaton v. SAIF,* 13 Or App 298. In the instant case, claimant failed to show that she had actively sought work; she said the reason she had not looked for employment was that she didn't feel there was any she could do. The evidence does not indicate that this is necessarily true. She had the burden to show good motivation; she has failed to meet this burden.

"As far as claimant's disability is concerned, based upon the medical reports of Dr. Becker, who treated claimant far more frequently than any of the other physicians, claimant's condition is improving and there still are many types of work she can do; however, she has suffered substantial loss in her earning capacity. The Board concludes that claimant will be adequately compensated for this loss of earning capacity by an award of 50% of the maximum for unscheduled low back disability equal to 160°.

"* * * * *."

From our own view of the evidence, and particularly that of her principal treating physician, Dr. Becker, we find ourselves in agreement with the board and the circuit court. The judgment of the circuit court affirming the order of the board is therefore affirmed.

Affirmed.