Argued September 24, affirmed November 22, 1976, reconsideration denied January 5, petition for review denied January 18, 1977

McCOY, *Respondent,*

*v.*

TRANSPORT INDEMNITY COMPANY et al, *Appellants.*

(No. 93520, CA 6395)

556 P2d 711

*Dennis R. VavRosky,* Portland, argued the cause for appellants. With him on the brief was McMurry & Nichols, Portland.

*David W. Hittle,* Salem, argued the cause for respondent. With him on the brief was Dye & Olson, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

[ 437 ]

## THORNTON, J.

Claimant in this case is a 56-year-old truck driver who sustained an injury to his back on October 25, 1973. Insurer contests the holding of the referee, affirmed by the Workmen's Compensation Board and the circuit court, that claimant was in the odd-lot category and was entitled to permanent total disability.

■   The insurer argues that because claimant is highly motivated and feels optimistic about gaining some employment, he is ineligible for odd-lot status.

■   We are unwilling to allow the motivation of claimant, required for a finding of odd-lot status in a case where the injury itself does not establish odd-lot status, *see, Deaton v. SAIF,* 13 Or App 298, 509 P2d 1215 (1973), to cut against the claimant in the conclusive manner suggested by the insurer. The referee properly concluded, on the basis of testimony by a vocational rehabilitation counselor, that the probabilities for employment are poor.

■   The insurer, in its brief, takes the position that:
> "Odd-lot status is not the real issue. The real issue is whether the claimant has carried his burden of proving that his status at the time of the hearing (whether it be odd-lot, or otherwise) is *permanent.* * * *"

An adequately supported finding that claimant is in the odd-lot category carries with it an implication of permanency. If the claimant can show that cumulative disabilities place the claimant, prima facie, in the odd-lot category, the burden is shifted to the employer to show that some kind of suitable work is regularly and continuously available to the claimant, i.e., that his status is not permanent. *Swanson v. Westport Lumber Co.,* 4 Or App 417, 479 P2d 1005 (1971). This the employer was unable to show. We note also that ORS 656.325 provides for modifying the order in the

event claimant becomes capable of suitable employment.[1]

Affirmed.

---

[1] ORS 656.325 provides:

"(1) Any workman entitled to receive compensation under ORS 656.001 to 656.794 is required, if requested by the board, State Accident Insurance Fund or a direct responsibility employer, to submit himself for medical examination at a time and from time to time at a place reasonably convenient for the workman and as may be provided by the rules of the board. If the workman refuses to submit to any such examination, or obstructs the same, his rights to compensation shall be suspended with the consent of the board until the examination has taken place, and no compensation shall be payable during or for account of such period.

"(2) For any period of time during which any workman commits insanitary or injurious practices which tend to either imperil or retard his recovery, or refuses to submit to such medical or surgical treatment as is reasonably essential to promote his recovery, his right to compensation shall be suspended with the consent of the board and no payment shall be made for such period. The period during which such workman would otherwise be entitled to compensation may be reduced with the consent of the board to such an extent as his disability has been increased by such refusal.

"(3) A workman who has received an award for unscheduled permanent total or unscheduled partial disability should be encouraged to make a reasonable effort to reduce his disability; and his award shall be subject to periodic examination and adjustment in conformity with ORS 656.268.

"(4) Any party may request a hearing on any dispute under this section pursuant to ORS 656.283."