[No. 1802-2.　Division Two.　January 7, 1977.]

LOUIS B. ALLEN, *Appellant*, v. THE DEPARTMENT OF LABOR
AND INDUSTRIES, *Respondent*.

*Richard L. Norman* and *Springer, Norman & Workman*,
for appellant.

*Slade Gorton, Attorney General*, and *Kirk I. Mortensen*,
*Assistant*, for respondent.

PETRIE, C.J.—The essential issue presented by this work-
men's compensation case is the sufficiency of an instruction
defining the term "permanent total disability." The jury
was instructed in the language set forth in WPI 155.07,[1]
with the exception that the court inserted between the

---

[1] WPI 155.07 provides:
"Permanent total disability is an impairment of mind or body which
renders a workman unable to perform a gainful occupation.
"Total disability is the loss of all reasonable wage earning capacity.
A workman is not totally disabled solely because he cannot return to
his former occupation, but is totally disabled if he cannot perform
regular employment within the range of his capacities, training and
educational experience with a reasonable degree of success and conti-
nuity.
"Total disability is permanent when it is reasonably certain to
continue without a lessening of the disability."

second and third paragraphs of this standardized instruction, another brief paragraph, as follows:

If, as a result of an industrial injury, a workman is able to perform only odd jobs, or special work not generally available, then he is totally disabled, unless you find that such a job is available and can be performed by the workman.

Presumably, that paragraph was an attempt to comply with repeated admonitions of this court that when the facts of a given case warrant it, the "odd lot" doctrine should be clearly set forth. *Buell v. Aetna Cas. & Sur. Co.*, 14 Wn. App. 742, 544 P.2d 759 (1976); *Orr v. Department of Labor & Indus.*, 10 Wn. App. 697, 519 P.2d 1334 (1974); *Fochtman v. Department of Labor & Indus.*, 7 Wn. App. 286, 499 P.2d 255 (1972). There does not appear to be any difficulty recognizing when the "odd lot" doctrine is being claimed. Indeed, in *Fochtman* at page 292, we quoted approvingly from *Lee v. Minneapolis St. Ry.*, 230 Minn. 315, 320, 41 N.W.2d 433 (1950) as follows:

An employe who is so injured that he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist, may well be classified as totally disabled.

When the evidence indicates the workman's employability is limited substantially as set forth in the quotation from *Lee v. Minneapolis St. Ry.*, *supra*, the department has the burden of establishing that some kind of suitable work is regularly and continuously available to him; otherwise he is classified as totally disabled. *Swanson v. Westport Lumber Co.*, 4 Ore. App. 417, 479 P.2d 1005 (1971). *See* 2 A. Larson, *The Law of Workmen's Compensation* § 57.51 (1976). *See also Kuhnle v. Department of Labor & Indus.*, 12 Wn.2d 191, 120 P.2d 1003 (1942) and cases cited therein.

With this background, we suggest modification of the faulty instruction given to the jury in the case at bench substantially as follows:

If, as a result of an industrial injury, a workman is

able to perform only special work not generally available, then he is totally disabled, unless you find that some special kind of work which he can perform is, nevertheless, available to him on a reasonably continuous basis.

We deem that paragraph an appropriate statement of the law to be inserted between the second and third paragraphs of WPI 155.07 when the "odd lot" doctrine is demanded by the evidence.

In the case at bench, the workman's former employer testified in part:

we would be very liberal to try to make something that would fit his needs to *get him off the rolls of the state and our back.*

. . . I think that *if he could live close by the mill* we could work out a beneficial arrangement. We have watchman's jobs, cleanup jobs, light and heavy, so I think we could find something for him that would fit his abilities, *if he would have the courage or the ability to do anything except sit in a chair,* I mean, he could even use a wheelchair.

. . . We would employ him for *a few hours a day if that was all he was capable of doing.*

(Italics ours.)

The foregoing type of testimony indicated that some special work not generally available would be made initially available to Mr. Allen if for no other reason than to prevent the employer's cost experience from being assessed additionally by reason of Mr. Allen's classification as a totally and permanently disabled workman. However, the instruction, as given, would totally preclude effective argument of his primary contention. He asserts that the jury should have been permitted to classify him as a totally and permanently disabled workman despite his former employer's somewhat less than magnanimous assertions, because there does not exist a reasonably stable market for his limited services. Under the "odd lot" doctrine the jury

must evaluate the workman's ability to command regular income as a result of his personal labor.

Judgment reversed with direction to grant a new trial.

REED, J., and JOHNSON, J. Pro Tem., concur.