Argued January 21, affirmed February 28, 1977

# THOMPSON, *Appellant,*
*v.*
# ARGONAUT INSURANCE CO. et al,
*Respondents.*
## (No. A76-07-10012, CA 7129)
560 P2d 684

Elden M. Rosenthal, Portland, argued the cause for appellant. With him on the brief was Charles Paulson, Portland.

Richard L. Lang, Portland, argued the cause for respondents. On the brief were Jones, Lang, Klein, Wolf & Smith and William R. Miller, Jr., Portland.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

LEE, J.

**LEE, J.**

Claimant appeals from an order of the circuit court, affirming both the referee and the Workmen's Compensation Board, granting him an award of 160 degrees (50 percent) unscheduled permanent partial disability.[1] On appeal claimant contends both that he is permanently and totally disabled, and "alternatively" that the award granted does not adequately reflect the extent to which his earning capacity has been diminished by his compensable injury.

■ A workman is "permanently and totally disabled" when he has by virtue of a compensable injury been rendered incapable of "performing any work at a gainful and suitable occupation." ORS 656.206(1)(a). A disabled workman who remains physically capable of performing work of some kind may nonetheless be permanently and totally disabled for purposes of the compensation law where as a practical matter a combination of advanced age, lack of skills and a limited ability to benefit from retraining makes it virtually impossible for him to return to the work force in any suitable capacity. *Vester v. Diamond Lumber Co.,* 21 Or App 587, 535 P2d 1373 (1975); *House v. SAIF,* 20 Or App 150, 530 P2d 872 (1975); *Deaton v. SAIF,* 13 Or App 298, 509 P2d 1215 (1973); *Swanson v. Westport Lumber Co.,* 4 Or App 417, 479 P2d 1005 (1971).

■ The weight of the evidence introduced in this case indicates that claimant's sustained absence from the work force is attributable to neither the nature or extent of his physical disability, his age, nor any lack of intellectual ability. To the contrary, it appears that while claimant, 44 years of age, remains physically and mentally capable of being retrained and returned to work in a suitable capacity, he has, as the referee

---

[1] Claimant's claim had initially been closed by a determination order providing for an award of 64 degrees in 1971. The claim was later reopened and then closed by a determination order of April 29, 1975 which awarded claimant an additional 96 degrees. *See* ORS 656.214(5).

held, "made a satisfactory [to him] adjustment to his disability and is fully occupied with his [hunting and fishing activities, and] is utterly lacking in any motivation, either to work or to be retrained."

We are satisfied that the 50 percent permanent partial award granted below adequately compensates claimant for the loss of earning capacity which has resulted from his compensable injury.

Affirmed.