Argued March 25, affirmed April 11, reconsideration denied May 11, petition for review denied July 15, 1977

HELGESON, *Appellant,*

*v.*

STATE ACCIDENT INSURANCE FUND, *Respondent.*

(No. 76-1369-E-3, CA 7242)

562 P2d 576

William G. Purdy, Medford, argued the cause for appellant. With him on the briefs was Frohnmayer & Deatherage, Medford.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

THORNTON, J.

**THORNTON, J.**

The sole issue presented in this workmen's compensation appeal is whether claimant, who was 67 years of age at the time of the hearing, is permanently and totally disabled. ORS 656.206(1)(a).

On January 11, 1973, while claimant was driving a 15-passenger bus for Mt. Ashland Stage Lines, Inc., the bus was struck in the rear by an automobile and claimant sustained an injury to her neck. She was examined by Dr. Welch on the day of the injury, a diagnosis of neck strain was made and she was given conservative treatment for the injury. She returned to her employment on a part-time basis in April of 1973, and worked part-time until July 1973, when she was hospitalized for traction and physical therapy. Conservative treatment was continued and in October 1973 claimant again returned to work on a part-time basis until January 1974, when she stopped work complaining of pains in her back and left arm. She returned to work part-time again in March of 1974, but was advised on April 19, 1974, by Dr. Tennyson, a neurologist, to stop driving and seek other work because of the pain from which she was suffering. He diagnosed her condition as a post-traumatic aggravation of a cervical spondylosis, together with a "musculoligamentous strain" resulting from the 1973 injury.

The referee determined that claimant was totally and permanently disabled under the "odd-lot" doctrine. *Swanson v. Westport Lumber Co.,* 4 Or App 417, 479 P2d 1005 (1971). The State Accident Insurance Fund appealed to the Workmen's Compensation Board which reversed the referee but awarded claimant 40 percent of the maximum allowable for unscheduled permanent partial disability.

Claimant appealed to the circuit court which affirmed the decision and award of the Board.

From our examination of the record we agree with

the Board and the circuit court that claimant failed to establish a prima facie case to bring herself within the definition of an odd-lot employe. *See, Deaton v. SAIF,* 13 Or App 298, 509 P2d 1215 (1973).

In *Deaton* we said:

> "* * * The consistent thread of all these opinions and others cited therein is that (1) motivation is not necessary to establish a *prima facie* case of odd-lot status if the medical facts when considered along with other factors, such as age, education, mental capacity and training of themselves support the claimed inability to work, and (2) evidence of motivation to seek and work at gainful employment is necessary to establish a *prima facie* case of odd-lot status if the injuries, even though severe, are not such that the trier of fact can say that regardless of motivation this man is not likely to be able to engage in gainful and suitable employment. The burden of proving odd-lot status rests upon the claimant." 13 Or App at 304-05.

The record demonstrates that claimant failed to establish odd-lot status under either of the tests set forth above. The medical facts along with the other relevant factors did not establish claimant's claim of inability to work, and second, the evidence offered by claimant did not sufficiently establish that claimant was motivated to seek other employment. *See, Price v. SAIF,* 25 Or App 369, 549 P2d 533 (1976).

The 40 percent disability award made by the Board was adequate compensation to claimant for her injury under the evidence.

Affirmed.