Argued February 28, reversed May 8, 1978

STEINER, *Respondent,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Appellant.*
(No. A-7701-01223, CA 9748)
578 P2d 497

Quintin Estell, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for appellant. On the brief were K. R. Maloney, Chief Counsel, James A. Blevins, Chief Trial Counsel, and James P. Cronan, Jr., Associate Counsel, State Accident Insurance Fund, Salem.

Vincent G. Ierulli, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

In this Workers' Compenation case, the sole issue is compensability. Claimant suffers from a fracture of the right arm which employer and SAIF maintain did not occur on the job. The referee found the accident had occurred on the job. The Workers' Compensation Board reversed the referee. The circuit court reversed the Board. Because we cannot say, after a *de novo* review of the record, that claimant has carried his burden of proof, we reverse the circuit court, thus reinstating the Board's order denying compensability.

Claimant is a 40-year-old dishwasher who testified that on April 4, 1975, at about 4 p.m., he and a co-employee were removing garbage from his employer's premises when he ran into the handle of a freezer door and sustained an injury to his right shoulder. The co-employee, Clifford Caine, was not called as a witness by the claimant, nor did the employer call him. Claimant did not immediately report the injury to his employer and they did not learn of the injury until they received a call from the local SAIF office after the middle of April. Employer's office manager testified that a woman who works in the kitchen had told her that claimant had injured himself and that he was going to be off work.

Claimant states that at the time of the injury he cried out in pain and his co-employee, Clifford Caine, had grabbed him. He also stated that that night after going home he was picking up wood off the ground and fell face-forward and skinned his face, but does not believe that he struck his shoulder.

Claimant reported to the out-patient clinic at Portland Adventist Hospital the day after the injury at approximately 9:30 p.m. with his wife and was noted to have pain in the right shoulder. He apparently did not give his own history. The x-rays taken at this time disclosed the fracture. On claimant's chart, it was noted that claimant was involved in "an altercation."

The next entry in the medical record, apparently at Kaiser Hospital, on January 8, 1976, gives a history of claimant having fallen on a woodpile two days earlier. On January 15, 1976, claimant first gave a history of having hit his right shoulder while emptying a garbage can.

Claimant accounts for the notation in the hospital record of an altercation by referring to the appearance of his face, which was skinned in the fall while gathering firewood. Claimant says his wife gave his medical history at the hospital that night. However misleading his appearance may have been, claimant does not explain how his wife would have given an incorrect history.

Credibility of the claimant is crucial. The referee found:

> "While claimant's testimony was confusing, particularly with respect to the [accident] * * * as to time and place and what actually occurred, and in general his testimony indicates that he is a poor historian, the referee is not under the impression that claimant has fabricated a story, *although claimant's credibility is not free from question.*" (Emphasis added.)

■ While we give great weight to a referee's finding on credibility, we do not deem ourselves to be bound thereby particularly where, as here, even the referee's endorsement of claimant's credibility was lukewarm at best. *See Swanson v. Westport Lumber Co.,* 4 Or App 417, 479 P2d 1005 (1971).

■ We are not persuaded by claimant's testimony, and conclude that he has failed to carry his burden of proof. We particularly note that claimant failed to call an eyewitness to the alleged accident, although claimant and his attorney had both had contact with the witness. Where claimant had given three different versions of his accident, where only the third and last of these versions would support compensability, and where the referee found claimant's credibility "not

free from question," the failure to call the independent eyewitness was fatal to his case.

Reversed.